Milner *vs.* The State of Georgia.

---

## MILNER *vs.* THE STATE OF GEORGIA.

1. A new trial will not be granted when the verdict is not contrary to law, contrary to the evidence, or strongly and decidedly against the weight of the evidence.

2. On the trial of one for an assault with the intent to murder, it is no error in the Court to refuse to charge the jury that if they believed from the evidence that the prosecution was unfounded, that they should not only find the defendant not guilty, but that they should return the prosecution unfounded or malicious.

3. Neither is it error in refusing such request for the Court, in response thereto, to remark, "that there was no evidence to warrant the charge," when such is the fact.

4. A new trial will not be granted on the ground of newly disclosed evidence when there is no affidavit from prisoner or his counsel that such evidence was unknown to them during the trial, especially when the witness by whom this newly discovered evidence is expected to be proven was sworn and examined on the trial in the defense, and who remembers the additional facts by having his recollection subsequently refreshed.

Indictment for Assault with intent to Murder, in Fayette Superior Court. Tried before the Hon. D. F. HAMMOND, Judge, at September Term, 1859.

John H. Miller, the plaintiff in error, was indicted for an assault with intent to murder, and convicted. He moved for a new trial on the grounds—1st. That the verdict was contrary to law and the evidence. 2d. That the Court refused

to charge the jury as requested by counsel for defendant, that if they believed from the evidence that the prosecution was unfounded, they should not only acquit the defendant, but should return the prosecution unfounded and malicious—the Court refusing so to charge, and saying that there was no evidence to warrant such charge, thereby expressing an opinion on the facts of the case. 3d. That since the trial defendant had discovered new and material evidence not known to him before.

The Court refused the motion for a new trial, and counsel for defendant excepted, and assigned as error said refusal.

BLALOCK & JONES, TIDWELL & WOOTEN, for plaintiff in error.

Solicitor General T. L. COOPER, *contra.*

*By the Court*—LYON, J., delivering the opinion.

1. The three first grounds of the motion for new trial, to-wit: that the verdict was contrary to law ; contrary to the evidence, and strongly and decidedly against the weight of the evidence, may all be considered together, as they all depend upon the single question, whether there is sufficient evidence to support the finding of the jury ? We think there was, and shall dispose of the whole by a very slight reference to the testimony itself. Beavers, the prosecutor, went into a grocery in Fayetteville, on the night of the 29th day of March, 1859, and after remaining a short time he went out, leaving the prisoner inside of ihe grocery, standing at the counter. As prosecutor walked away from the grocery he heard some one walking and following him ; a four pound iron weight, a weapon likely to produce death, was thrown at him with great force, passing beneath the rim of his hat close to the side of his face. On turning round he saw the prisoner run back into the grocery. The prisoner at that time was in custody under a peace warrant issued by the prosecutor as a magistrate, upon the application of the wife of prisoner, who had come to the house of prosecutor and remained there a while. Prisoner had bad feelings towards prosecutor ; had clenched and shook his fist that day, saying, he would like to

get one crack at prosecutor; had threatened, previously, that if prosecutor ever crossed his path he would put a ball through him. Other testimony of a negative and conflicting character was offered, but was immaterial and incompetent. Under these circumstrnces it is not at all extraordinary that the jury should find the prisoner guilty.

2. The fourth ground of the motion is, that the Court erred in refusing to charge the jury as requested by counsel for prisoner, and in saying as he did so, "that there was no evidence to warrant the charge." Counsel did not rely greatly on the refusal to charge, for the good reason that the giving or refusing such charge could not go in aid of any defense of the prisoner; the finding of a malicious prosecution affects the prosecutor, and not the prisoner; all the prisoner is interested in, so far as the trial is concerned, is a verdict of acquittal. Hence, the refusal of the Court to give such charge would never be a good ground for sending the case back.

3. The ground on which counsel mainly rests their argument on this point is, the remark that the Court made in refusing the request. What the Court stated was a proper response to the request. It was the truth. There was no evidence that the prosecution was unfounded or malicious; but on the contrary, evidence enough to sustain a verdict of guilty as we have held; counsel seem to think that the remark of the Court was an expression of opinion on the facts, which was calculated to exercise a controlling influence on the minds of the jury; that it was in effect saying, that there was at least a probable cause made out by the testimony. If counsel did in fact think so, the request ought not to have been made so as to draw this fire from the Court. But the remark of the Court had no such meaning. It meant simply, that from all the facts before the Court, there was not sufficient evidence of a want of foundation for the prosecution, or of malice in the prosecutor, to justify the jury in taxing the prosecutor with the costs of the prosecution.

4. The fifth ground for a new trial is, that of newly discovered evidence, which is contained in the affidavit of the witness, one William S. Brown, appended to and forming part of the record. There is no affidavit from the prisoner or his counsel that this evidence was unknown to them at the trial; besides this, the witness, by whom this newly discovered evi-

dence is to be made, was a witness examined on the trial for the defense. The new and additional facts recited in the affidavit, which the witness says he remembers since his recollection has been refreshed, and "that he was in the grocery with the prisoner at the time and on the night testified to by prosecutor, and when the prosecutor came in, that the prosecutor took a drink, was half drunk, and that the prisoner remained talking with him some half hour after prosecutor went out." We know of no rule which would authorise a new trial to be ordered on the ground of such *newly discovered evidence* under these circumstances.

Judgment affirmed.