MALTA SCARBOROUGH, plaintiff in error, *vs.* THE STATE OF GEORGIA, defendant in error.

1. On the trial of an indictment for keeping a lewd house, under section 4462 of the Code, it is not necessary to show that the master of the house kept the same for profit. It is sufficient if it appear that the lewdness carried on was with his permission or in his presence without his dissent.
2. A man is guilty of keeping a lewd house within the meaning of section 4462 of the Code, if open and notorious lewdness is practiced therein by his wife and daughters, in his presence, with his consent or without his dissent.
3. It is not an expression of opinion by the Judge, as to what has been proven on the trial of an indictment for keeping a lewd house, to say to the defendant's attorney, (who is addressing the Court upon the law of the case,) in reply to the claim of the attorney, that there must be proof that the defendant kept the house for profit: " It makes no difference whether he keeps it for profit or pleasure, he is guilty."
4. When the State's counsel in a criminal case, in addressing a jury, is making statements not in proof, and one of the defendant's counsel objects, but another says let him go on, it is not a ground for new trial, if the Judge fail to interfere until the matter is again insisted upon bp the defendant's counsel ; nor will the verdict be set aside because the Judge in his charge fails to say to the jury that they are not to notice such statements, there being no request for such a charge.

Criminal law. Keeping a lewd house. Opinion on evidence. Argument of counsel. Before Judge CLARK. Sumter Superior Court, April Term, 1872.

Malta Scarborough was tried upon the following indictment :

" GEORGIA—SUMTER COUNTY.

"The grand jurors, sworn, chosen and selected for the county of Sumter, to-wit:    *    *    *    In the name and behalf of the citizens of Georgia, charge and accuse Malta Scarborough and Harriet Scarborough, of the county and State aforesaid, with the offense of keeping a lewd house ; for that the said Malta Scarborough and Harriet Scarborough, on March 20th, 1872, in the county aforesaid, did then and there, un-

Scarborough *vs.* The State of Georgia.

lawfully, by themselves and by others, maintain and keep a lewd house, or a place for the practice of fornication or adultery, or fornication and adultery, contrary to the laws of said State, the good order, peace and dignity thereof."

The defendant demurred to the indictment upon the following grounds, to-wit:

1st. Because two offenses are therein charged and joined.

2d. Because the " others " charged with keeping and maintaining a lewd house for defendant are not specified.

The demurrer was overruled, and defendant pleaded not guilty.

It appeared from the evidence that defendant, his wife and daughters resided together in the county of Sumter; that the girls and young men had been seen going to the bushes together; that a man and one of the girls had been seen in bed together in defendant's house covered up, while defendant was in the same room with them; that the man was not related to the family; that he remained in bed with defendant's daughter from an hour to an hour and a half; that defendant had three grown daughters and one not quite grown; that the man who was in bed with the girl was drunk; that defendant's wife had been seen going to the bushes with men, and had been heard engaging in improper conversation; that in May or June, 1870, one of the girls had been seen in the kitchen with a man on top of her; that all kinds of vulgar conversation was carried on in the house in the presence of defendant; that men and women had been seen on the bed together with their arms around each other; that defendant was a laborer and at work away from home a great deal; that the girls had been seen quilting for a livelihood; that upon one occasion defendant had been heard to direct men to leave as it was bed time; that one of the girls had a baby; that she had been married but her husband left her; that defendant had been heard to order drunken men away from his house unless they would behave

themselves; that men visited the house at all hours of the day and night.

The jury returned a verdict of "guilty," and defendant moved for a new trial, upon the following grounds, to-wit: 1st. Because the Court erred in overruling the demurrer to the indictment. 2d. Because the verdict is contrary to law and the weight of evidence. 3d. Because the Court erred in overruling all objections to proof of facts not transpiring in the presence of defendant. 4th. Because the Court refused to allow the defendant to show that his wife controlled the household, whether he was present or absent. 5th. Because the Court erred in interrupting defendant's counsel when arguing before the Court and the jury on the law as to what constitutes the keeping and maintaining a lewd house, in the presence and hearing of the jury, with the question, " What difference does it make whether he is keeping it for pleasure or profit, but he is guilty in either case?"—thus intimating in a decided and unmistakable manner to the jury that, in the Court's opinion, the charge had been proven; the argument of the counsel, thus replied to, being, that to sustain the charge, it was necessary for the prosecution to show that the defendant, for profit and as a matter of business, kept and maintained a house of ill-fame. 6th. Because the Court erred in permitting counsel for the State, in his concluding argument, over the objection of counsel for defendant, to comment upon facts not in evidence, and in failing to instruct the jury as to the weight to be attached to these remarks. 7th. Because the Court refused to charge the jury as requested, to-wit: " It is incumbent upon the State to show that the defendant carried on the lewdness as a business, or at least, that he in some way instigated or participated in these criminal transactions. The evidence must show that defendant kept and maintained the house as a lewd house. If you believe. that these women engaged in these criminal exercises for the gratification of animal passions, and not as a business, although defendant may have been aware of their conduct, he is not

Scarborough *vs.* The State of Georgia.

guilty of the keeping and maintaining a lewd house; the women may be guilty of adultery and fornication, or adultery, or fornication." 8th. Because, when the Court charged the jury upon the request of defendant's counsel, to-wit: "If the evidence does not show to your minds, beyond a reasonable doubt, that defendant connived at the acts of lewdness, it is your duty to acquit him. The fact that a man is the head of a family, or the proprietor of a house, does not constitute him the master of a lewd house, although the lewdness may be carried on in said house. He must exercise some degree of control in the matter, over the parties guilty of the lewdness;" the Court erred in adding the following sentence, to-wit: "Permitting lewdness in his house, among his daughters, is such consent." 9th. Because, when the Court charged the above written request, the Court erred in remarking to the jury, "I charge you this, subject to whatever modifications are contained in my general charge," and in failing then to state, or at any subsequent time, the special and particular modifications meant, and in thus not giving the said request in charge to the jury clearly, properly and fairly, as the law requires. 10th. Because the Court erred in its general charge.

To the fifth ground the Court adds the following note: "I gave no intimation to the jury of my opinion of the case. The counsel for defendant was addressing the Court on a question of law, and was reading from Wharton's Criminal Law upon the necessity of proving that the defendant (quoting from the book) kept the house for profit, when the Court put to counsel the inquiry, and then referred to the Code as changing the common law. The Court, at the time, made no allusion to this defendant, and was replying solely and entirely to argument of counsel, and is confident that the jury, counsel and spectators so understood him." To the sixth ·ground the Court adds the following note: "The Court was at the time engaged in preparing its charge, and does not remember any of the facts stated, except that counsel for the State said that 'he was retained to break up this nest.' I

presume, of course, that the remarks of the counsel for the State are correctly reported. One of defendant's counsel objected to remarks of counsel for the State, and the other counsel for defendant remarked: 'Let him go on.' I supposed at once that all objections were waived. In a few moments counsel for defendant again called my attention to the remarks as illegal and improper, when I promptly interposed." To the ninth ground the Court adds the following note: " The modifications alluded to were given, if any, in my written charge, which followed immediately the reading of the requese to charge. I should regret to know that I had not charged the law clearly, properly and fairly. I am fully satisfied the jury and counsel 'clearly' understood me, and, whether fair or not, it speaks for itself."

The Court charged the jury as follows, to-wit :

" The permitting others to commit acts of adultery or fornication in the dwelling house of the owner, with the owner's daughter, makes him guilty of keeping a lewd house. It is not necessary for the State to show that the lewd house was kept for purposes of profit ; it will be sufficient to show that such a house was kept, no matter what the object of the owner is in keeping it. In passing upon this case, you will look into all the facts, and inquire whether or not the facts as detailed by the witnesses are consistent with any other theory than that of keeping a lewd house. It is not necessary, before you can convict defendant, that it must appear that defendant lived off of the profits of prostitution, and got other women as inmates beside the members of his own family. If he had three or four daughters and a wife, who were lewd in their habits and carried on their lewd practice in his house and with his connivance or permission, he is no less the keeper of a lewd house because he sets up shop with the members of his own family. If you believe, from the evidence, that the defendant was the proprietor of the house; that he had three or four daughters; that crowds of young men were in the habit of visiting the house at all hours of the night; that

Scarborough *vs.* The State of Georgia.

indecent and vulgar conversation was had in the house in the presence of the inmates; that one of the daughters and a man were covered up together in a bed; that acts of fornication were committed publicly in the kitchen between a man and one of the women; that the young men who assembled at the house took indecent liberties with the women, and walked together, either hand in hand or with arms around each other's waists, to the woods, for purposes of sexual intercourse; and did actually indulge in such intercourse; and that these things occurred frequently, and in the presence of the defendant, or with his knowledge, then they are such as to raise a strong and even violent presumption of guilt, and would justify you in finding a verdict of guilty."

The Court overruled the motion for a new trial, and plaintiff in error excepted, assigning error upon each of the grounds of said motion.

C. T. GOODE; FORT & HOLLIS; JOHN D. CARTER, for plaintiff in error.

C. F. CRISP, Solicitor General, represented by CHARLES HUDSON, for the State.

McCAY, Judge.

Assuming what seems incontestible from the proof, that the house of the defendant was a place for the *practice* of fornication and adultery, we think it would be adding to the statute an element that it does not contain to say that to constatute the offense, it must be shown that the house was kept for *profit*. This is not a common law offense, nor does its definition depend upon the common law definition of a lewd house. The Code defines the meaning: "or house for the practice of fornication or adultery, by himself, herself or others." Any one guilty of maintaining or keeping such a house is punishable under this section of the Code: section 4462. We

do not see that the evil is any way increased or lessened by the additional fact that a profit is made of the business. The evil consists in the moral guilt of conniving at and encouraging such practices, and in the scandal and outrage upon the decency and virtue of the community; and if one keeps such a house merely for the gratification of his own vicious propensities, himself and his house are and ought to be just as much a nuisance and a stench in the nostrils of a community as though it were for a profit.

Besides this, if it were necessary to show it was kept for profit, the difficulty of making the fact apparent, would almost produce an immunity for the crime. We think there was no error in the Judge's charge on this point.

Nor can it make any difference that their practices were carried on by the wife and daughters of the defendant. The statute is by himself, herself or "others." Indeed it would seem to aggravate the offense that the perpetrators are those over whom the defendant has the right of a husband or parent. We do not say that a parent or a husband is to be charged with every act of his wife or child. But it is only holding him to the performance of an ordinary duty of a good citizen to say that he is responsible if he suffers them to make his house notorious for open lewdness—a resort for the vicious, where they may with impunity, so far as he is concerned, practice fornication and adultery.

The proof contained in this record shows that he did not interfere—that with a full opportunity to know what was going on, he kept still. He did not, it is true, take any active part. But his was the house—he was master therein, and his presence and want of dissent is sufficient. It may be that he was a mere tool in the hands of others. If so, that should have been proven. All this was for the jury, and it was fairly left to them. Indeed, this is true of the character of the house, the position of Scarborough in reference to his wife, his power over them, his assent or dissent, etc. *Prima facie* the owner of a house, the husband and father of

Scarborough *vs.* The State of Georgia.

the inmates, is the head of the family, and can control what is done there. If he permits it, with his knowledge, to be degraded into a brothel and nuisance, *prima facie* the law holds him responsible, no matter who are the actors. If he be an imbecile—a mere tool—that unnatural thing who can be made by a vicious wife and daughters submit to his own dishonor and to the degradation of his family—he ought to be held to proof of it. The act is so unnatural, so debasing and disgraceful, that the proof of his want of manhood ought to be strong. We think the jury was right. This was a bad house—a nuisance—a disgrace to all concerned in it, and a violation of the law.

It would be impossible to carry on a trial if this section of the Code, prohibiting a Judge from expressing any opinion as to what is proven, is to be construed as is contended for. A Judge, in deciding as to admissibility of testimony, must always, to some extent, decide as to its weight, since often its admissibility depends on that, so he must often determine what has been proven so as to say whether certain other things may be proven. To decide a non-suit, he must decide if there be enough proven to justify a verdict, etc.

The only practicable rule is, to treat the jury as possessed of common sense, and as capable of understanding what is addressed by the Judge to them and what is not. He may not express to the jury any opinion ; but if in the decision of any legal question, as it arises, he must pass upon facts, the statute does not apply. It must be reasonably construed. In this view of the law, we see no error in the remark of the Judge. He only said to the counsel what was his view of the law, and this he had a right to do.

We are not in the habit of scanning with great nicety the mode in which a Judge permits a case to be presented to the jury. We do not say he may not be so lax in his rules as to be guilty of error; but we are satisfied that a reviewing Court is not in a position to be a very proper judge of this thing. It is improper to permit statements to be made that

are not in proof, and the Judge ought not, even with the consent of both parties, to allow it, unless it be as proof. But it seems here to have been at first consented to ; one of the counsel said, "Let him go on." When appealed to, the Court stopped it.

The complaint is that the Judge did not tell the jury not to notice these statements. It seems to me that this is an after-thought. Had there been any fear of its effect on the jury, it would have been easy to ask the Court to instruct the jury as to their duty in this respect. But it is giving a very humble part to the jury on a trial to suppose them capable of giving weight to statements of this character. We think the statements ought not to have been allowed by the Judge, but in so strong a case as this, we do not think there ought for this reason to be a new trial.

Judgment affirmed.