THE EAGLE AND PHENIX MANUFACTURING COMPANY, plaintiff in error, *vs.* THE BANK OF BRUNSWICK, defendant in error.

1. A claimant who relies upon possession to defeat the lien of a judgment, must prove actual possession. It is not sufficient to show that he had such possession as a " deed gave," without explaining, by the deed itself or otherwise, what was the character and extent of the possession which the deed did give, or what was done, under the deed, in the way of holding or using the property.

2. If the charge of the court, purged of all error, would still leave the losing party without any right whatever to a verdict, on the facts in evidence, it is immaterial what errors the charge contains. To him they are harmless.

Claim. Lien. Judgments. Possession. Charge of Court. Practice in the Supreme court. Before Judge JAMES JOHNSON. Muscogee Superior Court. November Term, 1874.

An execution in favor of the Bank of Brunswick against the Water Lot Company of the city of Columbus, was levied upon certain water lots in the city of Columbus. A claim to a portion of the property covered by the levy was interposed by the Eagle and Phenix Manufacturing Company. The claim was based on a purchase by claimant and four years possession prior to the levy. Upon this branch of the case the evidence was that claimant had purchased the property in controversy, in the early part of the year 1866, and had been " in such possession as the deed gave," ever since. No deed to claimant is set forth in the record; nor was the possession given by it explained. From whom claimant purchased, and the consideration paid does not appear.

The jury found the property subject. Exception was taken to the charge of the court, but in view of the decision, it is immaterial here.

H. L. BENNING; PEABODY & BRANNON, for plaintiff in error.

R. J. MOSES; BLANDFORD & GARRARD, for defendant.

BLECKLEY, Judge.

Title to the property levied upon, was shown, on trial, to have vested in the defendant in *fi. fa.*, in the year 1845. A part of the chain, was a legislative charter granted in that year. See 11*th Georgia Reports*, 556. The judgment was rendered in 1855. No conveyance of title out of defendant appeared. There is parol evidence that the claimant bought in the early part of 1866, but from whom is not stated. There is, in the record, a deed, introduced by the plaintiff in *fi. fa.*, dated in 1863, from one Josephus Echols to the Eagle Manufacturing Company; but the claimant is the Eagle and Phenix Manufacturing Company, and it did not purchase till 1866, whereas, this deed bears date in 1863. From these differences in dates and names, we conclude that the two companies are not the same, but if it were otherwise it would not vary the result. What is meant in the testimony by "such possession as the deed gave," we do not know. We do not even know what deed is referred to. No actual possession of the lots now under levy was proved, though such possession appeared of other lots, one or more, included in the same purchase, or purchased at the same time. We find no deed that applies to this purchase or to the claimant's case; no evidence of the payment of any purchase price, and no evidence of actual possession for any period of time. In this state of the facts it makes no difference what the court charged; a verdict for the claimant was a legal impossibility, and errors in the charge were harmless.

Judgment affirmed.