## McCaffrey & Company *vs.* The Georgia Southern Railroad.

[On account of providential cause, JACKSON, Chief Justice, did not preside in this case.]

1. The verdict is supported by the evidence.
2. One railroad is not responsible for loss occurring on another; and it was not error to so charge, where it was doubtful from the evidence whether goods, for the loss of which suit was brought, were ever received by the road sued.
3. Where a receiver of the Selma, Rome and Dalton Railroad operated the Georgia Southern Railroad, and also used, by contract or otherwise, a part of the track or yard of the Rome railroad, but to this contract or use the Georgia Southern Railroad was not a party, it would not be responsible for damages resulting from the negligence

of the receiver and the Rome Railroad under their separate and independent arrangement.

4. The charge excepted to was not without foundation in evidence.

5. While in ruling upon the admissibility of testimony, it was not good practice for the court to say to counsel in the hearing of the jury: "I reckon it is best to let it go for what it's worth; perhaps we will understand it after awhile;" still, under the facts of this case, this was not sufficient to authorize the grant of a new trial.

December 5, 1882.

Railroads. Damages. Practice in Superior Court. Negligence. Charge of Court. Before Judge UNDERWOOD. Floyd Superior Court. March Term, 1882.

Reported in the decision.

DABNEY & FOUCHE, for plaintiff in error.

WRIGHT, MEYERHARDT & WRIGHT, by JUNIUS F. HILLYER, for defendant.

CRAWFORD, Justice.

This suit was brought by the plaintiffs in error to recover of the Georgia Southern Railroad Company, and John Tucker, receiver of the Selma, Rome & Dalton road, the value of a car load of metallic cotton ties, which they alleged were received by said railroad company, but which it failed to deliver.

On the trial the jury found for the defendants, and the plaintiffs, being dissatisfied with the verdict, moved for a new trial on various grounds of alleged error, both in the charge of the court and in the finding of the jury.

1. The complaint as to the finding of the jury was that it was against the evidence—the weight of evidence—and against the principles of equity and justice. Taking the testimony as set out in the record, the verdict was properly rendered for the defendant. No witness testified to the fact of having seen, or having known that the missing

car was ever delivered to the railroad company, or that it was received at Rome at all. Four were shipped by the plaintiffs—four received and accounted for—all loaded with ties, though one not of the lot shipped by the plaintiffs. The jury doubtless concluded from the evidence that there was some mistake in the consignment, or that the missing car was lost *in transitu*, or that plaintiffs' directions for delivery were wrong. The only other reasonable hypothesis upon which they could find for the plaintiffs against the company was, that the missing car was received by Berrys & Co., through the negligence of the company, and that they had failed to account for it. This, it appears, they declined to do, and as they are made the exclusive judges of the facts, their finding should not be disturbed without more reason than is here shown.

2. It is complained that the charges of the court to which objection is made are contradictory, illegal, and without evidence to justify them ; that some are directly against the facts in evidence ; that the court intimated that the plaintiffs' case could not be understood ; and that the verdict was against certain portions of the charge.

It is shown by the testimony that the Georgia Southern Railroad is operated by the Selma, Rome and Dalton Railroad Company, through its receiver, John Tucker, and that the said receiver uses also a portion of the track of the Rome Railroad Company in Rome.

The first charge, of which complaint is made, is as follows: "Now, if by that contract there is a contract between John Tucker, receiver of the Selma, Rome and Dalton Railroad and the Georgia Southern Railroad, for the benefit of both parties, the proceeds to be divided in a certain proportion, and if the Selma, Rome and Dalton Railroad ran over their portion, the Georgia Southern Railroad Company would be liable for the running over their road, but the Georgia Southern Railroad Company would not be liable for loss on other roads," the part of said charge objected to being the latter part thereof to-wit : " But the Georgia

Southern Railroad Company would not be liable for loss on other roads." It is shown by the testimony that the missing car load of ties was ordered from Pittsburg, Pennsylvania, and with the others ordered, was claimed to have been shipped by way of Calera, on the Selma, Rome and Dalton road, but how or where this car was lost does not appear. Indeed, so far as the record discloses the fact, the only evidence that it ever came to Rome, seems to be that the plaintiffs paid for the transportation of four car loads of ties, one of which proved not to be theirs. There is no proof that it reached Calera, or that it was ever on either the Selma, Rome and Dalton or the Georgia Southern road. The judge, therefore, was certainly not wrong in charging the jury that the Georgia Southern would not be liable for its loss on other roads.

3. There was no error in the judge's charging the jury, that the Georgia Southern would not be liable for the loss of the car, if the same were on the track, or in the yard of the Rome Railroad Company, unless it appeared that the Georgia Southern, either by contract, or in some other way, had something to do with its being there, but if it had nothing to do with it, and the road was run by the receiver of the Selma, Rome and Dalton road, then the receiver would be liable.

The principle here given to the jury, as we construe it, was, that if the receiver operated the Georgia Southern, and also used, by contract or otherwise, a part of the Rome Railroad track or yard, and to which contract and use the Georgia Southern was not a party, then of course it could not be held liable for the negligence of the receiver and the Rome Railroad under their separate and independent arrangement.

4. Again it is urged that the judge erred in charging, that if jury should find from the evidence that the cars were delivered to the consignees, or by their direction to anybody else, or if they paid the freight, and by their orders there was a wrong delivery, then the road would

not be liable. The objection to this charge is, that it was unauthorized by the evidence, and calculated to mislead the jury.

The testimony of McCaffrey was that he was informed that there were five cars received, four of which were his and the other Berrys & Co. ; that he ordered two of his to Williamson & Co., and two to Berrys & Co. The testimony of the yard master was, that he delivered the cars as he was directed by McCaffrey, and they were unloaded by the parties themselves; that no car load was lost after arrival, and no delivery only by his directions. Under this proof, the charge was not unauthorized, nor was it calculated to mislead the jury.

It is set forth in two grounds of the motion for a new trial that the jury found contrary to the charge of the court. This does not appear where the evidence and charge are considered in connection with the verdict; they seem to be in perfect harmony.

5. The last assignment of error is, that the court erred in remarking in the hearing of the jury, when it overruled the objections of defendant to Williamson's testimony, "I reckon it is best to let it go for what it's worth; perhaps we will understand it after a while."

According to our view of the import of this language, its reference was more to the relevancy than the weight of the testimony. If to the relevancy, it would have been better that he should have inquired of counsel for what purpose it was offered; if to its weight, it should have been omitted, although it was addressed to the counsel and not to the jury. It is, however, not sufficient to authorize the grant of a new trial. 46 *Ga.*, 33 ; *Marion vs. The State*, 68 *Ga.*, 290.

The whole charge of the judge is not sent up, and though in some respects it is not altogether clear and satisfactory to us, yet its want of connection may account for that; and as we see no manifest error therein, and the losing

party, under the facts, does not appear to be entitled to a verdict, the judgment of the court below must be affirmed. 55 *Ga.*, 44.

Judgment affirmed.