# FLORIDA, CENTRAL AND PENINSULAR RAILROAD COMPANY *v.* LUCAS.

1. In the trial of an action brought by a passenger against a railroad company for personal injuries, it was error to charge as follows: "As a carrier of passengers the railroad company, its officers and servants are bound to exercise more than all ordinary and reasonable care and diligence, that is to say, a company will be liable to passengers for injuries to them, unless extraordinary care and diligence be used, and slight neglect on the part of the agents and servants of the company will be sufficient evidence to fix its liability. The law is laid in wisdom, as human life is at great risk, especially when public carriers employ steam for rapid transit; and too much diligence can not be required at their hands; for slight neglect they are and ought to be responsible, and, outside of the provisions of our own statute law, such it is believed is the rule everywhere in the civilized world."

2. While a judge, in discussing with counsel the admissibility of testimony, may, for the purpose of testing the accuracy of their positions and giving the reasons for his rulings thereon, refer to the evidence or the statements of witnesses without necessarily violating section 4334 of the Civil Code, it is not proper to go outside of the line of legitimate discussion upon the point presented, and allude to the testimony of a particular witness in such a manner as to apparently give to it judicial indorsement and approval.

3. It is always erroneous, in charging the jury, to express with reference to any disputed issue an opinion as to what has been proved, and especially to state that a controverted fact has been proved by undisputed evidence.

Argued February 12, — Decided March 1, 1900.

Action for damages. Before Judge Norwood. City court Savannah. May term, 1899.

*Denmark, Adams & Freeman,* for plaintiff in error.
*R. R. Richards, W. P. Hardee,* and *W. R. Leaken,* contra.

LEWIS, J. On October 17, 1896, the defendant in error filed her petition in the city court of Savannah, against the Florida Central & Peninsular Railroad Company, for $20,000.00 damages, which she claims to have resulted from an injury she received on May 11, 1896, while a passenger on the company's train. She alleged that the injury was caused by the car in which the petitioner was seated becoming derailed and thrown from the track of the railroad at or near a station in the county

of Chatham known as Anderson.    In consequence of this de-
railment petitioner was hurt, and sustained great and serious
injuries by having her uterus and ovaries injured, and by fur-
ther internal injuries which she was unable fully to particular-
ize, and she also suffered great bodily and mental pain in
consequence of such injuries, and the shock wholly disabled and
prevented her from attending to any and all avocations of life.
In answer to the petition defendant below admitted the de-
railment of the car as alleged, but denied all the allegations in
the petition charging negligence and averring injuries for which
damages were claimed.    It specifically denied that it caused the
injuries complained of, and alleged that it did not damage peti-
tioner in any amount.    Petitioner introduced testimony which
tended to sustain the material allegations in her petition.    The
defendant, on the other hand, introduced evidence tending to
show that the track where the accident occurred, and the train
of cars upon which petitioner was riding, were without defect
and in perfect condition just previously to the occurrence.    There
was, however, nothing definite in the evidence indicating what-
caused the derailment of the car.    It was further contended by
the company that the injuries complained of by petitioner were
not the result of this accident, and that she did not receive any
hurt from the derailment of this car.    Testimony was intro-
duced to the effect that immediately after the accident peti-
tioner made no complaint of having received an injury, and that
she afterward said she was not hurt; and that she went to the
office of the company for the purpose of receiving payment for
a watch she claimed to have lost at the time of the accident,
but said nothing with reference to any physical injuries she had
received.    There was also some testimony to the effect that she
appeared in good health, and was cheerful several days after the
accident.    The jury returned a verdict for the plaintiff for
$5,000.00.    The defendant below made a motion for a new
trial, which was overruled by the court, and upon this ruling
error is assigned in its bill of exceptions.

1. Among the grounds in the motion for a new trial, excep-
tion is particularly taken to the charge of the court set forth
in the first headnote.    Special objection is made to the last

sentence of this portion of the charge, as follows: "The law is laid in wisdom, as human life is at great risk, especially when public carriers employ steam for rapid transit, and too much diligence can not be required at their hands; for slight neglect they are and ought to be responsible, and, outside of the provisions of our own statute law, such it is believed is the rule everywhere in the civilized world." The objection was that it was illegal, argumentative, and stressed unduly the exaction of the law as to diligence.   Section 2899 of the Civil Code declares: "Extraordinary diligence is that extreme care and caution which very prudent and thoughtful persons use in securing and preserving their own property."   When this diligence has been exercised by a carrier in the transportation of passengers, the law relieves it from any liability for injuries which might be sustained by the running of its trains; and this is true although it might have been possible for the carrier to have done more.   The portion of the charge excepted to instructed the jury that too much diligence can not be required.   We do not see how the degree of diligence could have been more strongly expressed than by the language used in this charge.   It certainly puts upon the carrier the very utmost diligence that it could possibly exercise.   The law does not thus define the term "extraordinary diligence," nor has this court ever decided that these words just quoted mean the greatest possible degree of care that could be exercised.   In *East Tenn. Ry. Co.* v. *Miller*, 95 *Ga.* 738, it was held error for the court to charge the jury that railroad "companies 'are required by law to observe the utmost care and diligence for the safe carriage of passengers, and for their delivery at destination.   Even if the word 'utmost' is synonymous with the word 'extreme,' the omission from the charge of any reference to the standard of diligence observed by 'very prudent and thoughtful persons'·rendered it too strong a statement of the law against the company."   On account of this error in the charge the judgment of the court refusing a new trial in that case was reversed.   The fact that the judge in another portion of his charge gave a correct statement of the law upon the subject does not necessarily cure the error .complained of, the judge having failed to call the jury's attention to the

mistake he made in defining extraordinary diligence.   *G. R. R. Co.* v. *Hicks,* 95 *Ga.* 305 (2) ; *Brush Co.* v. *Wells,* 103 *Ga.* 512 ; *Port Royal Co.* v. *Davis,* 103 *Ga.* 579 ; *Augusta R. R. Co.* v. *McDade,* 105 *Ga.* 138 (6).   One of the defenses upon which the company relied in the trial below was that the evidence presented by it had overcome the presumption of negligence, and had shown the exercise of *extraordinary diligence* in the management, control, and movement of its train.   As to whether its evidence was sufficient to overcome the presumption, raised by law, of a want of due diligence, is a question of fact for the jury. It being a vital issue in the case, an error in the charge which imposes upon the company a greater burden as to the degree of diligence it should exercise than is required under the law necessitates the grant of a new trial.

2. It was contended by the company on the trial below, that if petitioner was suffering from any uterine trouble, it was the result of a disease of this portion of the body contracted long prior to the accident complained of.   There was evidence that before this accident she was in a hospital for treatment of a disease of the uterus and ovaries.   On the trial petitioner sought to introduce evidence of a witness as to a statement this witness had heard one of the doctors of the hospital make touching the condition of petitioner when she left the hospital; the statement being to the effect that she had been cured.   That evidence was objected to by counsel for the company, on the ground that it was hearsay, which objection was sustained by the court.   The court, in passing upon the question of law touching the admissibility of the evidence in question, made the following statement:   "It is the hearsay statement of the opinion of a physician as to the condition of her health.   That is not a fact; that is a theoretical statement, and, in the absence of the direct testimony of the physician who made the statement, the best evidence on that subject is the testimony of the patient herself, who has testified before the jury that when she was discharged from the hospital she was well.   That is the best evidence the nature of the case admits of.   I think the patient as capable of judging whether she was well or sick at that time as the physician was.   The physician might have been in fault in his opin-

ion, or the patient might have been in fault in her opinion, but certainly, from her consciousness of her personal feelings, she ought to be as good a judge as anybody of the condition of her health. Now that is primary and original evidence, and the best the nature of the case admits of." Error is alleged in one of the grounds of the motion for a new trial on the remarks above quoted, as expressing an opinion on the weight of the evidence that had been introduced before the jury. It is contended by counsel for defendant in error that the above expression of opinion on the evidence by the court, not being made in his charge to the jury but in connection with his rulings on questions of law raised by counsel on the admissibility of testimony, was not error. It is true this court has gone to a considerable extent in some of its decisions in ruling that it is not necessarily cause for a new trial when the judge, in passing upon questions of law touching the admissibility of testimony or the granting of nonsuits, expresses an opinion as to what the evidence tends to show, and the weight to which it is entitled. In passing upon the admissibility of testimony, or sufficiency of proof to make out a cause of action, the judge must to some extent decide as to the weight of evidence; and for him to give as a reason for his rulings the weight that should be attached to the testimony in question is not necessarily reversible error. Among the decisions of this court relied on by counsel for the defendant in error, the following seem to be the strongest: *Wyley* v. *Stanford,* 22 *Ga.* 397 (3); *Reinhart* v. *Miller,* 22 *Ga.* 403 (10); *Scarborough* v. *State,* 46 *Ga.* 33; *Claflin* v. *Continental Works,* 85 *Ga.* 28 (6); *Croom* v. *State,* 90 *Ga.* 430. It will be seen, however, by a close scrutiny of these cases that the observations and remarks of the court complained of were called forth by the nature of the questions of law that were before the court at the time for decision, and involved either pertinent replies to the position of counsel, or valid reasons for the rulings of the court upon the questions presented. For instance in *Reinhart* v. *Miller,* 22 *Ga.* 403, above cited, it appears there was an observation by the judge as to certain facts that had been proved in the case, and an expression that a strong presumption could be drawn from them which would render admissible the evi-

dence to which objection was made. The court, in its opinion on page 417, applies this rule upon the idea that what was said by the judge "was said necessarily in deciding a motion made by counsel to reject the marriage contract as evidence, on the ground that its execution had not been proven." In the other case decided in the same volume on page 397, it was stated that the remark objected to was made at a time when the court was deciding a motion to dismiss the illegality, and the observation was called forth by the nature of the motion, and "the motion was made by the party excepting to the observation." A like relevancy of the remarks of the court also appears in the other cases cited. In the *Claflin* case in 85 *Ga.* it appears the exception therein taken was to an expression of opinion by the judge in his charge; but it will be seen from the opinion that these expressions were not made while charging the jury, but in deciding the questions of law in the case before the charge commenced. Hence, the exception was not properly taken. The facts in this case, however, are entirely different. The testimony objected to was plainly incompetent. It was purely hearsay evidence, and there was really no necessity for any argument or remarks upon the subject. The judge, however, in ruling upon it in the presence and hearing of the jury, called attention to the fact that the plaintiff had testified before the jury to the effect that when she was discharged from the hospital she was well. The judge then stated he thought "the patient as capable of judging whether she was well or sick at that time as the physician was; . . from her consciousness of her personal feelings, she ought to be as good a judge as anybody of the condition of her health;" and he also refers to her evidence as "the best evidence the nature of the case admits of." There was no question whatever about the admissibility of her testimony. Her evidence in the case in her own behalf had nothing to do with the illegal evidence sought to be admitted. It was a vital question between the parties as to whether or not her sufferings and injuries were the result of the disease she had at the hospital, or the result of this accident. The court, therefore, went outside of the line of legitimate discussion upon the point presented, and alluded to the testimony of the plaintiff herself in such manner

as to place great stress upon its weight and importance, thus apparently giving it judicial endorsement and approval.

Section 4334 of the Civil Code declares: "It is error for any or either of the judges of the superior courts of this State, in any case, whether civil or criminal, or in equity, during its progress, or in his charge to the jury, to express or intimate his opinion as to what has or has not been proved," etc.    It will thus be seen that objectionable observations of a court touching what has been shown or established by the evidence are not confined to the charge of the court, as counsel for defendant in error seems to think, but it also includes improper remarks which are not called for by the question at issue, made during the *progress* of the trial, and even before the charge of the court to the jury has been commenced.    In *McCaffrey* v. *R. R.*, 69 *Ga.* 623, it was decided that it is not good practice for the court to say to counsel in the hearing of the jury, ruling upon the admissibility of testimony, "I reckon it is best to let it go for what it's worth; perhaps we will understand it after awhile."    A new trial, however, was not granted on account of this observation, not because it would not have been sufficient ground for it had the case been a close one, as the one at bar; but it was simply decided that under the facts of that case it was not sufficient to require a new trial.    In the case of *L. & N. Co.* v. *Tift,* 100 *Ga.* 87 (5), it was decided that while overruling a motion to nonsuit necessarily implies that in the opinion of the judge the plaintiff may recover upon certain views of the evidence, and while he may within appropriate limits state in the hearing of the jury his reasons for the decision, he should not enter upon an extended and argumentative discussion of the merits of the case and in so doing intimate his opinion as to what the verdict should be.    It was further ruled that error thus committed necessarily results in the grant of a new trial.    In this connection counsel for defendant in error calls attention to the case of *City of Atlanta* v. *Champe,* 66 *Ga.* 663, in which Chief Justice Jackson, delivering the opinion of the court, uses the following language: "In this case the plaintiff knew whether she suffered from her womb after this accident and not before, better than any doctor could, and, if entitled to credit and belief by the

jury, her knowledge would, and ought to, outweigh the opinion of a whole college of physicians," etc.    But Chief Justice Jackson in that opinion never intimated that it would have been proper for the judge, in the hearing of the jury, to express any such strong language.    His endorsement of this testimony and the expression used in his argument can not be considered as authority which at all questions the principle of law that the credibility of witnesses and the weight to be given their testimony is exclusively for the jury, who should be untrammeled by any expression of opinion of the court on the subject.    See *Merritt* v. *State,* 107 *Ga.* 676.    This doctrine is recognized by Chief Justice Jackson in the same opinion in the case above mentioned, where he states: "As a general rule, under our Georgia law and practice, testimony, when admitted to go before the jury, becomes their legal property, and it is for them to consider it in every light, to weigh it for themselves, and bring in their own verdict upon the weight they may give it."    Chief Justice Bleckley, in the case of *Atlanta R. R. Co.* v. *Walker,* 93 *Ga.* 465, gives quite a different view of the weight that should be attached to a sick plaintiff's opinion as to his own case when he is in pursuit of damages.    Manifestly it would have been highly improper for the trial judge, in the presence of the jury, to have made use of such expressions.

3. Another ground in the motion for a new trial is alleged error in the court charging the jury: "The undisputed evidence shows that she [meaning the plaintiff] had a fall when the train was wrecked;" and also error is alleged upon the following charge: "There was evidence to show some slight physical bruises, which I think were not denied."    The objection to these charges was, that they contained an expression of opinion as to the evidence, and were otherwise illegal.    It is true there was positive evidence introduced in behalf of the plaintiff that the derailment of the car caused the petitioner to fall from her seat, and that she thereby sustained some slight physical bruises. While there does not appear to be any positive testimony in the record to the contrary, yet certain facts and circumstances were testified to by defendant's witnesses upon which it was insisted that the jury could legitimately infer that the positive testi-

mony in behalf of the plaintiff in reference to her physical injuries was not the truth of the case. There was, for instance, a fellow-passenger of petitioner, who saw and talked with her immediately after the derailment, and who testified that her appearance did not indicate she had fallen or been hurt, and who heard her say, in response to an inquiry, that she had not been hurt. Other circumstances and facts were testified to in behalf of the defendant below, which we deem unnecessary to mention in this connection; but suffice it to say, they constituted a ground for contention, on the part of the defense, that the testimony of the plaintiff with reference to her injuries was discredited by the facts and circumstances shown in the case, and particularly by her appearance, manner, and sayings made after the accident. The evidence, therefore, touching the fall and the physical bruises received thereby was not undisputed, nor is there anything in the record to indicate that they were not denied by the defendant. On the contrary, this issue was seriously contested. It therefore follows that the charge above quoted was error; for it must have led the jury to infer that the testimony demanded a finding that the plaintiff was, to some extent, physically injured by being thrown from her seat in consequence of the derailment of the car in which she was being transported.

There were other grounds in the motion for a new trial, but they are not of sufficient importance to require consideration by this court. Because of the errors herein indicated, the judgment of the court below is

*Reversed. All the Justices concurring.*