## 9744. CHAPMAN *v.* THE STATE.

While ordinarily it is reversible error for a trial judge, in charging the jury or during the trial, to express or intimate within the hearing of the jury his opinion as to what has or has not been proved (Civil Code, § 4863; Penal Code, § 1058), such expression or intimation of opinion is not a violation of the statute when it occurs while the judge is discussing with counsel the admissibility of testimony, the propriety of a nonsuit, the discharge of a defendant for the lack of evidence to convict, the direction of a verdict, or similar matters in the progress of the trial, or is explaining to counsel his rulings upon questions of this nature. Especially is this true where the party complaining of such expression is the one who invoked the ruling that occasioned it.

DECIDED FEBRUARY 1, 1919.

Accusation of larceny; from city court of Jefferson—Judge Mahaffey. March 23, 1918.

*Ray & Ray,* for plaintiff in error. *S. J. Nix, solicitor,* contra.

BROYLES, P. J. The defendant was charged with the larceny of one bushel of corn in the shuck, the property of the prosecutor, O. P. Aiken. Upon the trial the undisputed testimony of a witness for the State showed that he caught the defendant in the prosecutor's corn-field, about nine or ten o'clock at night; that he saw the defendant break off more than a bushel of ears of corn and put them in a sack. The undisputed testimony of the prosecutor, Aiken, was that the stolen corn was his. He further testified that he rented from W. H. Smith, the land upon which the corn was grown, and that Smith was to get half of the corn raised thereon, for the rent of the land, but that it was his (Aiken's) corn until it was made and gathered. It clearly appears from the record and a fair inference therefrom that, when Aiken had given this testimony, counsel for the defendant made a motion that the defendant be discharged, or that a verdict of acquittal be directed, or some similar motion, on the ground that the evidence of Aiken showed that a half of the corn belonged to Smith, his landlord, and that therefore the allegations in the accusation as to the ownership of the stolen property were not sustained by the proof. The judge, in passing upon this motion, and denying it, said: "I will have to rule this is Mr. Aiken's corn, under the testimony." This language was excepted to by the defendant as an expression of opinion to the jury on a material issue in the case, in violation of section 1058 of the Penal Code.

We do not think the provisions of that section apply to the facts

of the instant case. In *Croom* v. *State*, 90 *Ga.* 430 (17 S. E. 1003), the third headnote is as follows: "Generally what the court says in stating to counsel the reason for denying a motion to exclude or rule out evidence is, if pertinent to the question raised by counsel, not error, although the reason given involve a statement as to certain testimony which is already in, or as to there being nothing in evidence showing that the circumstances are as the counsel claim." In *Realty Company* v. *Ellis*, 4 *Ga. App.* 402 (61 S. E. 832), the 6th headnote is as follows: "It is not reversible error, under section 4334 of the Civil Code [of 1895; Code of 1910, § 4863], for the judge, in discussing with counsel the admissibility of testimony, the propriety of a nonsuit, the direction of a verdict, or similar matters in the progress of the trial, or in explaining his rulings upon questions of this nature, to refer to the evidence or to the statements of witnesses, provided he does not go out of the line of legitimate discussion upon the point presented or use such language as to indicate apparent or actual judicial approval or disparagement of any witness or of any part of the testimony." In *Jones* v. *Pope*, 7 *Ga. App.* 538 (67 S. E. 280), this court said: "A trial judge can state his reasons for admitting or refusing to admit evidence, if such reasons are pertinent to the objections to evidence and the ruling made thereon, and this statement does not constitute such an expression of opinion as is violative of section 4334 of the Civil Code." In *Louisville & Nashville R. Co.* v. *Tift*, 100 *Ga.* 86 (27 S. E. 765), the Supreme Court held, that in overruling a motion to nonsuit, the judge may within appropriate limits state in the hearing of the jury his reasons for his decision. See also, to the same effect, *Wyley* v. *Stanford*, 22 *Ga.* 397 (3); *Reinhart* v. *Miller*, 22 *Ga.* 403 (10) (68 Am. D. 506); *Milner* v. *State*, 30 *Ga.* 137 (3), 139; *Perry* v. *Butt*, 14 *Ga.* 699 (2), 705; *Scarborough* v. *State*, 46 *Ga.* 26, 33; *Claflin* v. *Continental Jersey Works*, 85 *Ga.* 28 (6) (11 S. E. 721); *Florida Cen. &c. R. Co.* v. *Lucas*, 110 *Ga.* 121 (2), 124 (35 S. E. 283); *Brown* v. *State*, 119 *Ga.* 572 (46 S. E. 833); *Hall* v. *State*, 7 *Ga. App.* 115 (5), 119 (66 S. E. 390). In the *Scarborough* case Judge McCay said (p. 33): "It would be impossible to carry on a trial if this section of the Code, prohibiting a judge from expressing any opinion as to what is proven, is to be construed as is contended for. A judge, in deciding as to admissibility of testimony, must always, to some

extent, decide as to its weight, since often its admissibility depends on that, so he must often determine what has been proven so as to say whether certain other things may be proven. To decide a non-suit he must decide if there be enough proven- to justify a verdict, etc. The only practicable rule is, to treat the jury as possessed of common sense, and as capable of understanding what is addressed by the judge *to them* and *what is not*. He may not express *to the jury* any opinion; but if in the decision of any legal question, as it arises, he must pass upon facts, the statute does not apply. It must be reasonably construed." (Italics ours.)

In *Oliveros* v. *State,* 120 *Ga.* 237 (47 S. E. 627, 1 Ann. Cas. 114), Simmons, C. J., said: "Expression of opinion as to the weight of evidence may or may not be error, according to the circumstances under which the opinion is expressed; but even where error, it need not be a violation of the Civil Code, § 4334. Again, speaking for myself, I think this court has given this section too broad and liberal a construction. It was doubtless enacted to correct a custom of the judges which had descended to them from the common-law courts of England and this country, but which the legislature, thought was a usurpation of the functions of the jury. Whether this be true or not, *we all think* that when an objection is made to evidence offered, the judge has a right, if he deems proper, to give the reasons for his decision on the objections; and such reasons so given, if pertinent to the objections made, do not constitute such an expression of opinion as to violate the code section above cited." (Italics ours.) Moreover, it has been held that even where the expression of the judge's opinion occurs during his charge to the jury this does not necessarily require the grant of a new trial. In *Southern Insurance & Trust Co.* v. *Lewis, 42 Ga.* 587, which was a suit on an insurance policy, the judge charged the jury that, in his opinion, the plaintiff had an insurable interest in the policy, and the Supreme Court, while stating that this was improper and that the judge ought to have called the attention of the jury to the facts and then said to them, "if you believe," etc., "then, in the opinion of the court, under the law, you will find that he had an insurable interest," nevertheless ruled that under the facts of the case—the case being clearly made out—this error was not sufficient ground for a reversal of the judgment. In *Dexter Banking Co.* v. *McCook, 7 Ga. App.* 436 (67 S. E. 113), this court held that

"where a particular fact is established by uncontradicted evidence, it is not error for the judge to assume or intimate that the fact has been proved." This ruling in the *Dexter* case was approved in *Deen* v. *Wheeler*, 7 *Ga. App.* 507, 517 (67 S. E. 212).

The undisputed evidence in the instant case showed that the relation of landlord and tenant existed between the prosecutor, Aiken, and W. H. Smith, the owner of the land cultivated by Aiken and upon which the stolen corn was grown, and that Aiken was the tenant. It was further undisputedly shown that at the time of the larceny the corn had not been gathered, but was in the shuck and upon the stalks in the field. It followed, therefore, as a matter of law, that the title to the corn was in Aiken and not in Smith. *Teel* v. *State*, 7 *Ga. App.* 600 (67 S. E. 699). Clearly, therefore, the contention of the defendant's counsel, made to the trial judge during the progress of the case, that the defendant could not be legally convicted, since the proof of the ownership of the stolen property did not correspond with the allegations of ownership in the accusation, and his motion that the defendant be discharged, or that a verdict be directed in his favor, or some other motion of the same import, was without merit and was properly denied by the judge. In passing upon this motion, and in stating his reasons for his ruling thereon, the judge necessarily had to pass upon the evidence which had been introduced, and to express his opinion thereon, and, under the authorities above cited, the case falls within the exception stated in the headnote.

Moreover, aside from the precedents cited, the 'particular facts of this case show that the granting of a new trial would be a mere idle and useless ceremony and of no benefit whatever to the accused, since no other verdict than the one returned is legally possible on another trial. The defendant introduced no evidence and made no statement; no exception to the charge of the court, as to errors, either of omission or commission, was made; no exception to any ruling of the court upon the admission or exclusion of evidence was made; the undisputed evidence showed that the defendant was caught in the very act of the larceny charged, and that he made a free and voluntary confession of his guilt. No other verdict than the one rendered could possibly have been reached by the jury. The statement of the court, complained of, did not, therefore, prejudice or injure the cause of the defendant. We do not believe it was the

legislative intent in enacting the statute, now codified in the·section cited above, to make its provisions apply to such a case.

*Judgment affirmed. Bloodworth, J., concurs.*

STEPHENS, J., dissenting. This was a conviction for simple larceny, the accusation alleging that the property stolen was one bushel of corn in the shuck, of the value of $2, and the property of O. P. Aiken. The evidence of Mr. Aiken was: "It was my corn. It was my corn until it was made and gathered. Part of the corn was Mr. Smith's. . . He was to get part of the crop. He was to get one half of it." Upon a ruling upon a motion made by defendant's counsel the trial judge, in the presence of the jury, remarked, "I will have to rule this is Mr. Aiken's corn, under this testimony."

Section 1058 of the Penal Code of 1910, codified from what is commonly called the "dumb act," says: "It is error for the judge of the superior court, in any case, during its progress, or in his charge to the jury, to express or intimate his opinion as to what has or has not been proved, or as to the guilt of the accused; and a violation of the provisions of this section shall be held by the Supreme Court to be error, and the decision in such case reversed, and a new trial granted, with such directions as the Supreme Court may lawfully give." This applies to trials in the city court of Jefferson (Acts 1903, p. 138). It is made mandatory on the Court of Appeals to grant a new trial when the trial judge expressed his opinion on the facts. This rule is not altered merely because the fact stated as proved by the trial judge stands uncontradicted by testimony. The truth or falsity of the alleged fact is put in issue by the defendant's plea of not guilty, which plea is a denial of each and every allegation in the indictment against him. He is presumed to be innocent, and this presumption remains with him throughout the trial and until after the rendition of a verdict against him. His plea of "not guilty" and this presumption of innocence continue throughout the entire trial to challenge and deny the case of the State as alleged in the indictment and made in the evidence. Where there is no admission in judicio, the uncontradicted evidence of the State is thus denied and an issue of fact is made.

It was a violation of this section of the code for the trial judge to state, in the presence of the jury, that this statement of a wit-

ness, uncontradicted by the testimony, was true. He went "outside of the limits of legitimate discussion upon the point presented [and used] such language as to indicate . . actual judicial approval . . . of . . part of the testimony." *Realty Co.* v. *Ellis* 4 *Ga. App.* 402, cited in the majority opinion. In *Cooper* v. *State,* 2 *Ga. App.* 730 (59 S. E. 20), it was held that "A plea of not guilty, by one accused of crime, is an express contention on his part antagonistic to every fact necessary to be proved by the State in order to establish his guilt; and unless the accused admits one or more of the facts which it devolves upon the State to prove, such fact must be established by evidence. To assume that an important fact in the case on trial has been admitted, and to so instruct the jury when no such admission has been made, is reversible error." Also, in the case of *Southern Express Co.* v. *State,* 1 *Ga. App.* 700 (5) (58 S. E. 67), the court said: "To assume in a criminal case that the testimony for the State is the truth, though such testimony be not contradicted by evidence for the defendant, and to charge the jury that such testimony is the truth and that there is no contention to the contrary, is violative of section 4334 of the Civil Code [of 1895, supra], and demands a new trial. The plea of not guilty, filed by the defendant, is a contention on his part, as to every material and essential fact necessary to establish his guilt, and implies a denial of every such fact."

Although the evidence demands a verdict of guilty, the law commands that it be set aside. The trial judge should have kept dumb as the statute requires. It was not at all essential to his ruling upon the motion made by counsel for defendant for him to express himself on the facts as he did. We are enjoined in mandatory terms to set this conviction aside. Mandatory statutes must be obeyed, not evaded.