30875. DAVIS *v.* THE STATE.

DECIDED JUNE 28, 1945.

*James R. Venable, Frank A. Bowers, Frank T. Grizzard,* for plaintiff in error.

*E. E. Andrews, solicitor-general, J. R. Parham, Durwood T. Pye,* contra.

BROYLES, C. J. The defendant was tried on an indictment charging murder, and was convicted of voluntary manslaughter. The evidence, while conflicting, authorized the verdict. In special ground 1 of the motion for new trial, complaint is made of the following excerpt from the charge: "Many things have been suggested in this case that are not matters for your determination, but what you are to determine is the issue made by this bill of indictment, which charges this defendant with the crime of murder, and his plea of not guilty." The ground is without merit. Special ground 2 assigns error on the following excerpt from the charge: "The jury may believe the statement of the defendant in whole or in part, or in preference to the sworn testimony in the case, if they believe that to be the truth of this case, or they may disregard it entirely." It would have been better practice to have omitted from the charge the words, "if they believe that to be the truth of this case," but the charge as given is not cause for a reversal. *Douberly* v. *State,* 184 *Ga.* 573 (4), 575 (192 S. E. 223). Special ground 3 excepts to this excerpt from the charge: "It must appear that the circumstances were sufficient to excite the fears of a reasonable man, and that the party killing really acted under the influence of those fears and not in a spirit of revenge." The court was instructing the jury upon the law of justifiable homicide, and

the charge here complained of was in the language of § 26-1012 of the Code. The ground is without merit. Special ground 4 complains of the following excerpt from the charge: "If a defendant created a situation where it becomes necessary to defend himself, the defendant can not justify his act of killing the deceased on the ground that the deceased was at the time making an attack upon him, the defendant." The charge stated a correct principle of law and was applicable to the facts of the case.

Special ground 5 complains of the following incident: During the trial, counsel for the accused said to the judge: "We expect to question this gentleman (D. C. Staton) concerning the reputation of the dead man—we contend that we have shown he was the aggressor in this thing." The judge replied: "You mean you think you have shown that in your presentation of the case?" The judge's remark was made in a colloquy between himself and counsel on the question of the admissibility of certain evidence, and the record shows that the remark of the judge was a question addressed to counsel. The entire colloquy, as disclosed by the record, was as follows: Counsel (addressing the court): "We expect to question this gentleman (D. C. Staton) concerning the reputation of the dead man—we contend that we have shown he was the aggressor in this thing." The court: "You mean you think you have shown that in your presentation of the case?" Counsel, "Yes, he had the rifle and struck him and was waving it around in the air attempting to strike him before he was shot." The court: "Isn't it a question for the jury whether he was the aggressor or not?" Counsel, "Yes." The court: "I rule the question out." It is well settled that, where the recitals in a motion for new trial conflict with the record, the record controls. *Trammell* v. *Shirley,* 38 *Ga. App.* 710, 712 (f) (145 S. E. 486). The question of the judge complained of, having been put in a colloquy between himself and counsel on a question of the admissibility of certain evidence, was not error. *Chapman* v. *State,* 23 *Ga. App.* 359 (98 S. E. 243). Special ground 5 also complains that the court erred in refusing to allow counsel for the accused to cross-examine D. C. Staton, a witness for the State, as to "the general reputation of the deceased in the neighborhood for violence." However, the record shows that the only question asked the witness Staton in reference to the reputation of the deceased was as fol-

lows: "Are you acquainted with his general reputation in the neighborhood where he lived?" And, as hereinbefore stated, where there is a conflict between the recitals of a ground of a motion for new trial and the record of the case, the record controls. *Trammell v. Shirley,* supra. It follows that the refusal to permit counsel for the defendant to ask the witness about the "general reputation of the deceased in the neighborhood where he lived," was not error. The question propounded by counsel was too general. The "general" reputation of the deceased was not germane to the issues of this case. "The law considers the murder of a bad man no less criminal than the homicide of a good one. All lives are equal; the life of the best is no more sacred against the crime of murder than the life of the worst." *Gardner* v. *State,* 90 *Ga.* 310, 313 (17 S. E. 86, 35 Am. St. R. 202).

The denial of a new trial was not error.

*Judgment affirmed. MacIntyre and Gardner, JJ., concur.*