### 21233. RAMSEY v. THE STATE.

CANDLER, Justice. Billy Joe Ramsey and Douglas Neal were jointly indicted in Fulton County for the offense of robbery by use of offensive weapons. The indictment specifically charges that the defendants in Fulton County wrongfully, fraudulently and violently, and by use of knives took from the person and possession of Clifford Cannon, without his consent, and with an intent to steal the same, a described automobile and radio—the property of Clifford Cannon and of the value of $1,839.95. The defendant Ramsey was tried separately, convicted of the offense charged, and sentenced to serve a term of from four to seven years in the penitentiary. He timely moved for a new trial, basing his motion on the usual general grounds and by amendment added two special grounds. His amended motion was denied and the exception is to that judgment. *Held:*

1. The general grounds of the motion for new trial and the first special ground thereof, which alleges that the State failed to prove that the alleged offense was committed in Fulton County, are wholly without merit. The State's evidence shows that the prosecutor went to a place in Fulton County known as "Casa Rio", arriving there about 10:30 p.m. This

defendant and his coindictee, Douglas Neal, were then at such place. The prosecutor had not known them prior to that time. When he started to leave in his automobile, they asked him for a ride. The defendant Neal got in the front seat with him and the defendant Ramsey got in the back seat. After traveling only a short distance, Neal told him to pull over to the side of the street, saying at that time, "This is a stick-up. I'd just as soon kill you as to look at you, because I am an escaped convict and I've had several counts on me before." At that time each of the defendants had an open knife in his hand, and Neal said: "I'd just as soon cut your throat from ear to ear as to look at you." Neal made him slide under him while he raised up so he could get under the steering wheel. Neal, after taking possession of his car, then drove it from that point in Fulton County to a designated place in Cobb County. During that ride, the defendant Ramsey would occasionally place the blade of his knife against the back of the prosecutor's neck. After reaching such place in Cobb County, they blindfolded him, took from him all of his other personal belongings, including his watch, billfold, and glasses. Neal then drove his car for some time while the prosecutor was blindfolded. He then stopped the car on a road in Cobb County where they threw the prosecutor from it and over an embankment. The two defendants then drove away in his car. His car was later found in Cobb County stripped of its wheels and other valuable parts. 2. During his charge, the judge instructed the jury as follows: "If you believe in this case that the defendant who is on trial before you, . . . is guilty of the offense of robbery as charged against him in this bill of indictment, then it would become your duty to convict him of that offense. In that event, you would have two or three different types of verdicts for your consideration. First, if you desired in this case, you could give the defendant a sentence of life imprisonment. Should that be your desire in the matter, the form of that verdict would simply read: We, the jury, find the defendant . . . Billy Joe Ramsey guilty, and fix his punishment at life imprisonment." The criticism lodged against this portion of the charge, in special ground 2 of the motion, is that the court failed to instruct the jury elsewhere in the charge that the burden of proving the defend-

ant's guilt beyond a reasonable doubt rested on the State, and in the absence of such an instruction, the portion of the charge complained of amounts to an instruction that the jury would be authorized to convict the accused if they *believed* him to be guilty of the offense charged. This contention is without merit. A copy of the approved charge, which has been properly certified and sent to this court as a part of the record, shows that the judge had previously charged the jury in part as follows: "The defendant enters upon the trial of this case with the presumption of innocence in his favor, and this presumption remains with him until and unless the State shall overcome it and remove it by the introduction of testimony in your presence and hearing sufficient to convince your minds beyond a reasonable doubt of the guilt of the accused. Now, a reasonable doubt means just what it says. It is the doubt of a fair-minded, impartial juror honestly seeking the truth. It is not an arbitrary or a capricious doubt; but it is a doubt arising from a consideration of the evidence, or from a lack of evidence, or from a conflict of evidence, or from the statement of the defendant. If, after considering all of the facts and circumstances of this case, giving the defendant's statement just such weight and credit as you think it is entitled to receive, your minds are wavering, unsettled and unsatisfied, then that is the doubt of the law, and you should acquit. But on the other hand, if that doubt does not exist in your minds as to the guilt of the defendant, then you should convict." And it is well settled that, where, as here, the recitals in a ground of a motion for new trial conflict with the record, the record controls. *May v. State*, 90 Ga. 793 (3) (17 SE 108); *Southern Ry. Co. v. Flemister*, 120 Ga. 524 (48 SE 160); *Walthour v. State*, 191 Ga. 613 (1) (13 SE2d 659); and *Davis v. State*, 72 Ga. App. 631 (34 SE2d 672).

3. The judgment complained of is not erroneous for any reason assigned.

*Judgment affirmed. All the Justices concur.*

SUBMITTED MAY 9, 1961—DECIDED JUNE 8, 1961.

*Reuben A. Garland*, for plaintiff in error.

*Paul Webb, Solicitor-General, Eugene L. Tiller, Chas. A. Williams, Eugene Cook, Attorney-General, Rubye G. Jackson, Assistant Attorney-General*, contra.