## 61817. SHERRILL v. THE STATE.

DEEN, Presiding Judge.

Lawrence Sherrill was indicted in 8 counts for possession of various drugs and convicted on all counts. Most of the enumerations attack the overruling of a motion to suppress evidence retrieved from a search of the defendant's apartment under warrant, or to alleged errors in the trial stemming from the same source.

At the time of the arrests the defendant, a woman (Jan Morris) and another man (Dale Granger) were all in the apartment. The officers with warrant first attempted to enter by knocking and saying they were from the "office." When no one responded they next tried a key obtained from the apartment manager, but this also failed to open the door. One of the officers then called, "Jan, it's Freddie with the Sheriff's department. We have a search warrant; open the door." Upon continued failure to respond they then knocked the door in and entered. The three inmates were in the hall and attempted to block the way to the back bedroom and bath, but they pushed on past. The search revealed a brown plastic zipper carrying case concealed under a cabinet in the rearmost bedroom which on examination proved to contain Talwin (pentazocine), Cocaine, Valium (diazpepam), Morphine, and Demerol (meperidine), which drugs form the basis of Counts 2, 4, 7 and 8 of the indictment. Count 5 concerned Nembutal (phenobarbital) and Count 3 referred to Tuinal (amo-secobarbital) found in a bottle in a briefcase lying in a reclining chair in the living room. Count 2 refers to three tablets in a paper in the pocket of a blue windbreaker lying on an ironing board adjacent to the front door. Jan Morris, who did not testify on the trial, did, according to other testimony, claim both the windbreaker and the pills, and in fact pleaded guilty to their possession in another case. The defendant appeals from a finding of guilty on all counts.

1. It is contended that the search warrant was illegally executed within the purview of Code § 27-313 (b), although it is conceded that ruse or subterfuge may be used to enter a premises under warrant. But the defendant urges that where such subterfuge occurs there can be no forceful entry, citing United States v. Beale, 445 F2d 977; Smith v. United States, 357 F2d 486, 488; Leahy v. United States, 272 F2d 489; Gatewood v. United States, 209 F2d 789. This rule found expression in *Barclay v. State,* 142 Ga. App. 657 (236 SE2d 901) (1977), which delineates the difference between the two lines of cases. In *Barclay* the officers entered with a passkey without knowledge that the room was unoccupied and without giving notice of authority. In the present case it is true that the officers attempted to enter by passkey and also by ruse, but they failed to get in. They then

announced their identity, the possession of the search warrant, and the knowledge that at least one person was within the apartment. Ground 2 is without merit.

2. It is next contended as to Counts 1, 2, 4, 7 and 8 of the indictment that the evidence of Sherrill's control of the drugs found in the carrying case in the rear bedroom is circumstantial and insufficient to support a conviction. In this connection Ground 4 decries a refusal to charge: "The presumption of contraband found in the house as possessed by the head of the household does not apply where others not members of the household live there and have equal access to the home." Ground 3 complains of error in charging: "I further charge you that where one owns or is the lessee of a premises, the presumption is that he is in possession of the entire premises and all the property thereon or therein; however, this is a rebuttable presumption and may be overcome by proof that others had access to the premises. Whether or not this presumption is overcome is the question for you alone the jury." The court then continued his instructions as follows: "If you find that the house and premises were used by others, such evidence will not alone authorize a conviction, but such a fact, if it is a fact, may and should be considered by the jury together with all of the evidence in the case in passing upon the guilt or innocence of the defendant. I charge you that merely having been in the vicinity of the contraband does not without more establish possession. Merely finding contraband on the premises occupied by the defendant is not sufficient to support a conviction if it affirmatively appears from the evidence that persons other than the defendant had equal opportunity to commit the crime."

It is not error to refuse to charge in the exact language requested where the court in fact gives the jury correctly the rule of law contended for. *Marable v. State,* 154 Ga. App. 115 (1) (267 SE2d 837) (1980). We do not believe the charge as given, when taken as a whole, threw the burden on the defendant of his proving the presumption that all drugs found on the premises belonged to him merely upon proof that there were drugs in the apartment. The evidence was in sharp conflict as to who occupied what rooms, who was actually living in the house, and who would have had an opportunity to secrete the carrying case in the bedroom. The evidence was sufficient to support the conviction of the defendant on these grounds. *Williams v. State,* 156 Ga. App. 17 (274 SE2d 71) (1980).

3. However, as to Count 2 of the indictment, the evidence is insufficient to convince a rational trier of fact beyond a reasonable doubt that the drugs found in the pocket of the windbreaker testified to as belonging to Jan Morris and to possession of which she pleaded guilty were in fact the property of the defendant. Count 2 is reversed.

*Granger v. State,* 142 Ga. App. 612 (236 SE2d 762) (1977).

4. An exception to the other crimes rule is where possession of other contraband, although not included in the indictment, is a part of the res gestae of the search. It is no cause for reversal that one of the witnesses mentioned another drug, Percodan-D (oxycodone) found during the search but not included in the indictment. *State v. Luke,* 232 Ga. 815 (209 SE2d 165) (1974)..

*Judgment affirmed in part and reversed in part. Banke and Carley, JJ., concur.*

DECIDED MAY 18, 1981.

*John Fleming, James M. Thompson,* for appellant.

*Sam B. Sibley, District Attorney, Charles R. Sheppard, Assistant District Attorney,* for appellee.