## 66994. SALADINE v. THE STATE.

CARLEY, Judge.

Appellant was tried before a jury and convicted of aggravated assault with intent to rob. Appellant's motion for new trial was denied and he appeals from the judgment of conviction and sentence entered on the guilty verdict.

1. Several times while on cross-examination, the victim was asked the same question by counsel who was representing appellant's co-defendant. This repetitive questioning concerned the actions of the co-defendant during the commission of the crime. The victim gave essentially the same answer each time he was asked the question. When the same question was asked another time, the state objected on the ground that the witness "has testified. He repeated a number of times what he saw the [co-defendant] do." To this objection, the trial court responded that the victim had "consistently testified a number of times" but that "this one further question" would be allowed. Appellant then moved for a mistrial on the ground that the trial court's statement that the victim had "consistently testified" had "reinforced [the victim's] testimony in the jury's presence . . ." The motion was denied. On appeal, appellant asserts that the trial court's statement was an impermissible comment because it was violative of OCGA § 17-8-55 (Code Ann. § 81-1104).

From the context in which it occurred, it is apparent that the trial court's comment did not relate to the victim's overall credibility as a witness, but was merely a reference to the undisputed fact that the victim had already answered the same question a number of times. See *Stapleton v. State,* 19 Ga. App. 36, 38 (11) (90 SE 1029) (1916). Compare *Brundage v. State,* 143 Ga. App. 1 (2) (237 SE2d 473) (1977); *Carver v. Leach,* 53 Ga. App. 112 (185 SE 155) (1935). " 'A correct statement by the court as to the testimony of a witness is not error in the absence of special circumstances tending to show such an unwarranted emphasis upon certain testimony as might confuse or prejudice the jurors.' [Cit.]" *Patterson v. State,* 138 Ga. App. 290, 294 (226 SE2d 115) (1976). See also *Blumberg v. Grant,* 34 Ga. App. 253 (1) (129 SE 144) (1925). Moreover, the comment was addressed to counsel and was explanatory of the trial court's ruling that the question could be posed to the witness only once more. See generally *Chapman v. State,* 23 Ga. App. 359 (98 SE 243) (1918). Compare *Brundage v. State,* supra. The denial of the motion for mistrial was not erroneous.

2. The indictment alleged that appellant was known by several aliases. Asserting that those allegations were prejudicial, appellant made a pre-trial motion to quash the indictment or, in the

alternative, to "prohibit the State from making any reference to the [appellant's] alleged aliases and to prevent the indictment in its present form from going out with the jury during their deliberations." The trial court did not quash the indictment but did grant the alternative relief requested in the motion. During the actual trial, however, the state evoked a ruling that it not be prohibited from asking appellant to give his name if he took the stand. Appellant elected not to testify in his own defense, a decision which he asserts on appeal was the result of the trial court's "unfair" ruling that he could be asked to state his name for the record. Appellant characterizes the ruling as "unfair" because it contravened the grant of his pre-trial motion disallowing references to his use of aliases.

Even assuming that the trial court was correct in ruling that the allegations concerning appellant's aliases should be stricken from the indictment and that no mention thereof could be made at trial (but see *Cook v. State,* 162 Ga. App. 778, 779 (1) (293 SE2d 46) (1982)), that pre-trial ruling would not be violated by subsequently allowing appellant to be asked to state his name for the record. There is nothing "prejudicial" with reference to a defendant's name. There was no error in ruling that appellant could be asked to state his name if he took the stand.

*Judgment affirmed. Deen, P. J., and Banke, J., concur.*

DECIDED JANUARY 4, 1984.

*Derek H. Jones,* for appellant.
*Lewis R. Slaton, District Attorney, Joseph J. Drolet, Richard E. Hicks, Paul L. Howard, Jr., Assistant District Attorneys,* for appellee.