A93A1377. WRIGHT v. THE STATE.
(436 SE2d 783)

POPE, Chief Judge.

Defendant was convicted of armed robbery and appeals his conviction.

Two men with a revolver robbed a Del Taco restaurant, entering the restaurant by climbing in the drive-thru window. They demanded money, first from Jonathan Streetman, the employee manning the window, and then from Seth Harms, the shift manager. Harms gave the robbers a little more than $1,000, and the robbers left. The first officer on the scene was Patrolman Earnest Stanley, but the police were unable to locate the robbers that night.

Exactly two weeks after the robbery, Officer Stanley saw a car driving without its headlights not far from the Del Taco restaurant. He ran a check on the license tag and found the car was stolen. When he pulled behind the car and turned on his lights, the driver of the stolen car, defendant, would not stop. A high-speed chase ensued which ended only when defendant lost control of the stolen vehicle and struck a telephone pole. Defendant was arrested along with co-defendant Terrance Cook and a third man, both of whom were passengers in the car. Because defendant and co-defendant fit the descriptions of the men involved in the Del Taco robbery, Streetman and Harms were asked to view photo arrays containing their pictures a few days later. Streetman was unable to identify defendant, though he recognized co-defendant. Harms did identify defendant's picture from the photo array. However, he was unable to pick out defendant in the courtroom. At trial, officers were allowed to testify about the circumstances of defendant's arrest and about the pre-trial photo identification. The State also presented expert testimony showing that defendant's fingerprints and palmprints were taken from sur-

faces in and around the drive-thru window the night of the armed robbery.

1. Defendant's argument that the trial court erred in admitting testimony about the circumstances of his arrest for another offense is without merit. " 'It is well settled that all of the circumstances connected with an accused's arrest are admissible as evidence at trial, even those that establish the commission of another criminal offense.' . . . [Cit.]" *Robinson v. State*, 200 Ga. App. 515, 519 (408 SE2d 820) (1991).

2. Defendant also contends the trial court erred in allowing the investigator to testify that Harms identified defendant in a photo line-up because the line-up was impermissibly suggestive. It does not appear from the record that either the photographs or the procedures used were impermissibly suggestive. Moreover, in light of the fingerprints and palmprints placing defendant in and around the drive-thru window on the night of the robbery, we conclude that any error in admitting testimony regarding the pre-trial identification would have been harmless.

*Judgment affirmed. Birdsong, P. J., and Andrews, J., concur.*

DECIDED OCTOBER 21, 1993.

*Lloyd W. Walker*, for appellant.
*Johnnie L. Caldwell, Jr., District Attorney, Randall K. Coggin, Assistant District Attorney*, for appellee.