A05A1943. DAVIS v. THE STATE.
(621 SE2d 818)

BLACKBURN, Presiding Judge.

Following a jury trial that resulted in his conviction on two counts of burglary, Jefferson Scott Davis appeals, challenging the sufficiency of the evidence and contending that the court erred in admitting certain similar transaction evidence and in denying his motion for new trial that was based on ineffective assistance grounds. Discerning no error, we affirm.

Construed in favor of the verdict, the evidence shows that while working in his backyard, a Gwinnett County homeowner saw a white male drive a dark, small pickup truck out of the driveway leading to the homeowner's open garage door. When the homeowner inspected the garage, he discovered a pressure washer missing as well as several other power tools, including a router and a tiger saw. Davis, a white male who owned and drove a black, small Nissan pickup truck with an extended cab and a chrome tool box, pawned the router and the tiger saw at a nearby pawn shop late in the afternoon of the next day.

Also early in the afternoon of that next day, neighbors saw a white male drive a dark, small Nissan pickup truck with a chrome tool box and extended cab into the driveway of an open garage of another residence on the same street as the first theft. The neighbors saw him walking from the open garage to his truck, in which he placed a large orange object. When the homeowner of this residence returned home that day, he discovered that his orange leaf blower was missing as well as several other power tools. Davis pawned some of the power tools at a nearby pawn shop that same afternoon and pawned the leaf blower and another of the power tools the following day at another nearby pawn shop.

Davis was charged with two counts of burglary, two counts of theft by taking, and two counts of theft by receiving. At trial, Davis admitted to pawning the items but denied stealing them, claiming that he purchased them from some employees of his company, which employees lacked the necessary identification documents to pawn the items themselves. The jury rejected this explanation and found Davis guilty of the burglary and theft by taking charges. The court merged the theft by taking charges into the burglary charges and sentenced Davis on two counts of burglary only. Asserting ineffective assistance of counsel, Davis moved for a new trial, which the court after an evidentiary hearing denied. This appeal followed.

1. Regarding Davis's challenge to the sufficiency of the evidence, we view the evidence in the light most favorable to the jury's verdict, and Davis no longer enjoys the presumption of innocence. *Short v. State.*[1] We do not weigh the evidence or determine witness credibility, but only determine if the evidence was sufficient for a rational trier of fact to find Davis guilty of the charged offense beyond a reasonable doubt. *Jackson v. Virginia.*[2]

"A person commits the offense of burglary when, without authority and with the intent to commit a felony or theft therein, he enters

---

[1] *Short v. State*, 234 Ga. App. 633, 634 (1) (507 SE2d 514) (1998).
[2] *Jackson v. Virginia*, 443 U. S. 307 (99 SC 2781, 61 LE2d 560) (1979).

or remains within the dwelling house of another." OCGA § 16-7-1 (a). The primary evidence connecting Davis to the burglaries was his pawning the stolen items within hours of the burglaries. "[E]vidence of recent, unexplained possession of stolen goods may be sufficient to give rise to an inference that the defendant committed the burglary." *Williams v. State*.[3] See *Porter v. State*.[4] *Hanson v. State*[5] explained further:

> Once it is shown that goods were stolen in a burglary, absence of or unsatisfactory explanation of the possession of the goods will support a conviction for burglary based upon recent possession of the stolen goods. Whether a defendant's explanation of possession is satisfactory is a question for the jury; so is lack of explanation. What constitutes recent possession is in all cases a jury question, to be determined very largely from the character and nature of the stolen property. In the case sub judice, the verdict reflects the jury's dissatisfaction with defendant's explanation. The evidence of defendant's recent unexplained possession of stolen tools is sufficient under the standard of *Jackson v. Virginia*, [supra], to authorize the jury's verdict that defendant is guilty, beyond a reasonable doubt, of burglary as alleged in the indictment.

(Citations and punctuation omitted.) See *Berry v. State*.[6]

Here, Davis possessed some of the stolen items within hours of the burglaries. The jury was free to find unsatisfactory his explanation of his possession of the goods. "Even if this alone were not enough, the strong inference of guilt arising from possession within hours of the theft (the nearer the possession to the time of the theft, the stronger will be the inference of guilt) was compounded by the manner in which [Davis] disposed of the goods, namely pawning them within hours of the theft." (Citation and punctuation omitted.) *Jefferson v. State*.[7] See *Martin v. State*.[8] Moreover, similar transaction evidence showed Davis's mode of operation of taking power tools from open garages in the middle of the day while the homeowner was absent and then pawning them soon thereafter in a local pawn shop.

---

[3] *Williams v. State*, 252 Ga. 7, 9 (2) (310 SE2d 528) (1984).
[4] *Porter v. State*, 264 Ga. App. 526, 532 (5) (591 SE2d 436) (2003).
[5] *Hanson v. State*, 229 Ga. App. 205, 206 (1) (493 SE2d 605) (1997).
[6] *Berry v. State*, 274 Ga. App. 366, 369 (1) (618 SE2d 72) (2005).
[7] *Jefferson v. State*, 273 Ga. App. 61, 63-64 (1) (614 SE2d 182) (2005).
[8] *Martin v. State*, 254 Ga. App. 40, 41 (1) (561 SE2d 154) (2002).

See *Jefferson*, supra at 64 (1). The evidence sufficed to sustain the burglary convictions. See *Drake v. State*.[9]

2. Davis claims in his second enumeration of error that the "trial court erred by allowing the State to present evidence of alleged similar transactions wherein Appellant entered a plea to charges of Theft by Receiving." Specifically, the court admitted evidence of three similar transactions, in each of which Davis was charged with burglarizing a home in Gwinnett County (near the burglaries at issue in this case) by entering its open garage and taking power tools that he then soon pawned to local pawn shops. Davis pled guilty to the lesser charge of theft by receiving in each case.

In his appellate brief, however, Davis concedes that under *Gray v. State*,[10] the similar transactions were admissible. Rather, his argument now is that it was error for the State to refer to the original nature of these charges as burglaries and to the reduction of these charges to theft by receiving as part of the plea process. Citing no authority for his argument, Davis asserts that the jury was left with the prejudicial impression that "he has gotten away with it before."

Davis's argument fails for two reasons. First, "[a] party cannot use his brief to expand his enumerations of error to include issues or rulings not raised in the enumerations of error." *Gunsby v. State*.[11] The enumeration here asserts that the trial court erroneously admitted the similar transaction evidence, not that the court erroneously allowed the State to characterize the transactions as burglaries. Second, even if the issue were properly before us, *Gray*, supra at 199 (2) (b), rejected this same argument, reasoning:

> [Defendant] also complains that the prosecutor, in questioning the witnesses called to prove the similar transactions, referred to those incidents as burglaries, as opposed to thefts by receiving and so misled the jury. [Defendant] argues that the prosecutor's distortion of the truth caused the similar transaction evidence to be unfairly prejudicial. We disagree. The witnesses' homes clearly were burglarized so the prosecutor did not distort the evidence. . . . Furthermore, the jury was informed about [defendant's] pleas of theft by receiving, and the trial court instructed them on the proper consideration of similar transaction evidence.

For the same reasons, we reject Davis's argument here.

---

[9] *Drake v. State*, 274 Ga. App. 882 (1) (619 SE2d 380) (2005).

[10] *Gray v. State*, 260 Ga. App. 197, 198-199 (2) (a) (581 SE2d 279) (2003).

[11] *Gunsby v. State*, 248 Ga. App. 18, 22 (3) (545 SE2d 56) (2001).

3. Davis asserts that the court erred in denying his motion for new trial, which was based on a claim of ineffective assistance of counsel.

> In order to establish ineffectiveness of trial counsel, appellant must show both that counsel's performance was deficient and that the deficient performance prejudiced the defense. There is a strong presumption that the performance of trial counsel falls within the wide range of reasonable professional assistance. The reasonableness of the conduct is viewed at the time of trial and under the circumstances of the case. In reviewing a lower court's determination of a claim of ineffective assistance of counsel, we give deference to the trial court's factual findings, which are upheld on appeal unless clearly erroneous; however, we review the lower court's legal conclusions de novo.

(Citations and punctuation omitted.) *Williams v. State.*[12]

(a) Davis first claims that his counsel failed to insist that voir dire be recorded and transcribed. Although Davis does not identify any problems with voir dire, he nevertheless argues that he should have had the opportunity to review that transcript to determine if there were any problems. The Supreme Court of Georgia rejected this identical argument in *Williams*, supra at 277 Ga. 859 (6) (e), and we see no reason to rule otherwise here.

(b) Davis argues that his counsel failed to object to the admission of the similar transaction evidence. However, as set forth in Division 2 above, Davis admits on appeal that the similar transaction evidence was admissible, and we have held that the State's characterization of that evidence was proper. Failure to make a futile or meritless objection cannot constitute ineffective assistance. *Drake*, supra at 884 (3).

(c) Davis contends that his counsel was ineffective in that he failed to object to evidence of bad character. First, he complains that one officer testified to pulling Davis's photo from police files and that another testified to finding Davis's fingerprints in police files. *Lewis v. State*[13] held that such testimony does not inject defendant's character into evidence. Second, Davis complains about the evidence showing the circumstances of his arrest, which included testimony that he was arrested during a traffic stop based on an outstanding arrest warrant from another county.

---

[12] *Williams v. State*, 277 Ga. 853, 857 (6) (596 SE2d 597) (2004).
[13] *Lewis v. State*, 255 Ga. 681, 682-683 (2) (a) (341 SE2d 434) (1986).

> Defendant's argument that the trial court erred in admitting testimony about the circumstances of his arrest for another offense is without merit. It is well settled that all of the circumstances connected with an accused's arrest are admissible as evidence at trial, even those that establish the commission of another criminal offense.

(Punctuation omitted.) *Wright v. State.*[14] The circumstances need only be shown to be relevant. *Sweet v. State.*[15] The circumstances of the arrest here connected Davis to the vehicle seen on the days of the burglaries. Accordingly, Davis's argument that his trial counsel erred in failing to object to this testimony fails. See *Drake,* supra.

Because Davis failed to meet even the first prong of showing ineffective assistance of counsel, we hold that the trial court did not clearly err in concluding that Davis did not meet his burden of proof.

*Judgment affirmed. Miller and Bernes, JJ., concur.*

DECIDED OCTOBER 4, 2005.

*Scott A. Drake,* for appellant.

*Daniel J. Porter, District Attorney, James M. Cavin, Assistant District Attorney,* for appellee.

A05A1951. IN THE INTEREST OF C. M. et al., children.
(621 SE2d 815)

---

[14] *Wright v. State,* 210 Ga. App. 616, 617 (1) (436 SE2d 783) (1993).
[15] *Sweet v. State,* 278 Ga. 320, 325 (7) (602 SE2d 603) (2004).