A06A1299. BOLDEN v. THE STATE.
(636 SE2d 29)

MILLER, Judge.

Following a jury trial, Michael Lavon Bolden was convicted of aggravated assault on a peace officer as well as operating a vehicle with an expired tag. Bolden appeals, claiming that the trial court erred in (i) failing to grant his motion for a directed verdict of acquittal on the aggravated assault charge; (ii) improperly commenting on the evidence; and (iii) improperly responding to questions submitted by the jury. We discern no error and affirm.

Viewed in the light most favorable to the jury's verdict, the evidence shows that on the evening of December 22, 2003, Bolden was pulled over by an officer with the Charlton County Sheriff's Office for driving with an expired tag. The officer asked Bolden if he could search his vehicle, as he had seen Bolden earlier in the evening in two areas known for drug transactions. Bolden consented to the search and did not object to the officer patting him down for weapons. During the pat-down, the officer removed a Crown Royal liquor bag that was in Bolden's jacket and that contained marijuana and crack cocaine.

Upon seeing the officer open the bag, Bolden knocked the officer to the ground and landed on top of him. Bolden then attempted to remove the officer's firearm from its holster. As the officer struggled to prevent Bolden from getting his firearm, the officer began to request assistance on his shoulder radio. In response, Bolden grabbed the radio and threw it into the street. Realizing that he was in mortal danger, the officer repeatedly told Bolden to "just go." Bolden initially refused the officer's requests, telling him that it was "too late" and that he "was going to take care of [him]." Finally, Bolden told the officer that he would not leave because he "want[ed his] stuff back." When the officer indicated that he no longer had Bolden's drugs, Bolden got up, grabbed the drugs off the ground, and ran away.

1. Bolden claims that the trial court erred in denying his motion for a directed verdict because the evidence was insufficient to sustain his conviction for aggravated assault on a peace officer. We disagree.

The standard of review for the denial of a motion for a directed verdict of acquittal is the same as for determining the sufficiency of the evidence to support a conviction. *Hash v. State*, 248 Ga. App. 456, 457 (1) (546 SE2d 833) (2001). We view the evidence in the light most favorable to the verdict, and the defendant no longer enjoys the

presumption of innocence. *Short v. State*, 234 Ga. App. 633, 634 (1) (507 SE2d 514) (1998). We do not weigh the evidence or determine witness credibility, but only determine if the evidence was sufficient for a rational trier of fact to find the defendant guilty of the charged offense beyond a reasonable doubt. *Jackson v. Virginia*, 443 U. S. 307 (99 SC 2781, 61 LE2d 560) (1979).

Here, the jury heard the testimony of the officer whom Bolden attacked and watched a tape of the attack, as recorded by a video camera located in the officer's car. Despite Bolden's claim that he used only such force against the officer as required to resist an unlawful detention, the jury was free to reject such claim based on the evidence and find Bolden guilty of the crime charged beyond a reasonable doubt. Therefore, Bolden's challenge to the sufficiency of the evidence is without merit, and the trial court did not err in denying Bolden's motion for a directed verdict. *Reddin v. State*, 223 Ga. App. 148, 150 (1) (476 SE2d 882) (1996).

2. Bolden alleges that the trial court erred by improperly commenting on the evidence presented at trial. Bolden failed, however, to object to such comments at trial; nor did he request a mistrial. As a result, Bolden is entitled to a new trial only if the trial court's comments "seriously affected the fairness, integrity, and public reputation of these judicial proceedings." (Citation and punctuation omitted.) *Paul v. State*, 272 Ga. 845, 849 (3) (537 SE2d 58) (2000). As explained below, however, since the trial court's comments did not seriously affect any aspect of the trial, this enumeration of error is without merit.

First, after Bolden's counsel asked the officer if he patted Bolden down for drugs rather than weapons, the State objected on the grounds that the question had previously been asked and answered. In its response, the trial court agreed that the question had been asked several times and that the officer had "always answered it consistently."

Later, after Bolden's counsel asked the officer if he had probable cause to search Bolden, the State again objected. In its response, the trial court correctly noted that the officer had already testified that Bolden had consented to the search of the vehicle and that the officer conducted the pat-down of Bolden to protect himself during the vehicle search.

When Bolden's counsel asked the officer if Bolden consented to the pat-down search, the State objected on the basis that the question had been asked and answered. Bolden's counsel responded that it was necessary to ask the question again because the officer had changed his testimony. In its response, the trial court stated that the officer had not changed his testimony, but had consistently testified that

Bolden had expressly consented to the search of the vehicle and had not objected to being patted down.

Finally, during closing arguments, the State objected when Bolden's counsel stated that Bolden was justified in grabbing for the officer's firearm because the officer was trying to shoot him. Bolden's counsel claimed that the jury could "make their own conclusions" about the officer's actions from watching the videotape of the incident and that the officer had testified that "his hand was around his [firearm]." In its response, the trial court correctly noted that the officer did not testify that he was trying to shoot Bolden but rather that he was trying to keep Bolden from removing his firearm from its holster.

OCGA § 17-8-57 forbids a trial judge from "express[ing] or intimat[ing] his opinion as to what has or has not been proved or as to the guilt of the accused." "The remarks of a judge assigning a reason for a ruling[, however,] do not constitute an expression of opinion or a comment on the evidence within the meaning of [that statute]." (Footnote omitted.) *Williams v. State*, 244 Ga. App. 692, 696 (3) (536 SE2d 572) (2000). Here, each of the trial court's comments were responsive to objections raised by the State and provided the rationale for the court's ruling.

In addition, this Court has specifically held that "[a] correct statement by the court as to the testimony of a witness is not error in the absence of special circumstances tending to show such an unwarranted emphasis upon certain testimony as might confuse or prejudice the jurors." (Citations and punctuation omitted.) *Saladine v. State*, 169 Ga. App. 425 (1) (313 SE2d 714) (1984) (no error where trial court noted that witness had " 'consistently testified a number of times' "). Here, the trial court's statements were not likely to confuse or prejudice the jurors, and the trial court explicitly instructed the jury that none of its rulings or comments should be interpreted to "express any opinion upon the facts of this case, upon the credibility of witnesses, upon the evidence, or upon the guilt or innocence of [Bolden]." As a result, the trial court's comments did not seriously affect the fairness, integrity, or public reputation of the proceedings and did not constitute reversible error. See *Carroll v. State*, 255 Ga. App. 230, 233 (4) (564 SE2d 833) (2002).

3. Bolden claims that the trial court erred in improperly responding to questions submitted by the jury during its deliberations. We disagree.

The questions submitted by the jury were: "Is the charge just assault on [a] peace officer or assault with intent to murder a peace officer? Which one is he charged with or [are] they the same[?]" In

response, the trial court read the jury the text of the indictment, which charged Bolden with assaulting the officer "with the intent to murder."

"[T]he necessity, extent, and character of any supplemental instructions to the jury are matters within the sound discretion of the trial court." (Citations omitted.) *Taylor v. State*, 169 Ga. App. 842, 844 (2) (315 SE2d 661) (1984). Despite Bolden's claim that the jury was "not asking the court to tell them what [Bolden] was charged with," the jury expressly asked what the charge was, and the trial court properly read the charge in response thereto. "Since the recharge was not only warranted by the evidence but also legally accurate and not confusing or misleading as to amount to an abuse of discretion, we find no error." Id.

*Judgment affirmed. Johnson, P. J., and Ellington, J., concur.*

DECIDED AUGUST 4, 2006 —
RECONSIDERATION DISMISSED AUGUST 24, 2006 — 

*Joseph E. East*, for appellant.
*Richard E. Currie, District Attorney, Alexander J. Markowich, Assistant District Attorney*, for appellee.