## A09A1466. KIM v. THE STATE.
(680 SE2d 469)

BLACKBURN, Presiding Judge.

Following a jury trial, Tome Sang Kim appeals his conviction for trafficking in methamphetamine,[1] arguing that because the prosecutor improperly elicited inadmissible character evidence, the trial court erred in denying his motion for mistrial and his motion for a new trial. We hold that Kim failed to timely renew his motion for mistrial after curative instructions were given, and that there was no prosecutorial misconduct in any case. Accordingly, we affirm.

Viewed in favor of the verdict, *Davis v. State*,[2] the evidence shows that Kim drove with an accomplice to a parking lot, where the accomplice had arranged to sell a large amount of methamphetamine to a confidential informant ("CI"). After dropping off the accomplice, Kim drove the car to a nearby lot while the parties discussed the transaction. The accomplice contacted Kim by walkie-talkie to return with the car to show the methamphetamine to the CI, which Kim did. After the CI signaled police that the methamphetamine was in the car, police promptly arrested Kim and the accomplice and removed the contraband, which totaled 879 grams of methamphetamine, from the car.

Both Kim and the accomplice were indicted for trafficking in methamphetamine, resulting in the accomplice pleading guilty and testifying against Kim. After a jury found Kim guilty, he moved for a new trial, which was denied. This appeal followed.

1. Kim argues that the trial court erred in denying his motion for mistrial, which he made when the accomplice testified that Kim was a member of the Asian Crip gang. However, after Kim objected and moved for a mistrial, the court immediately gave the jury a curative instruction, twice telling them to disregard this remark entirely. Kim did not renew his objection or motion for mistrial at this time but waited until the next day — after the close of all the evidence and the charge conference — before renewing his motion for mistrial. Noting that Kim had failed to renew his objection and motion immediately

---

[1] OCGA § 16-13-31 (e).
[2] *Davis v. State*, 275 Ga. App. 714, 715 (1) (621 SE2d 818) (2005).

after the curative instruction was given, the trial court ruled that to the extent the late motion was valid, the court was denying same.

Kim's delay in renewing his motion for mistrial waived any error in the denial of that motion. As stated in *Bell v. State*,[3]

> [a]fter a trial court has issued a curative instruction, failure by the defendant to timely renew his motion for mistrial waives any error in the denial of that motion. *Maddox v. State*.[4] The renewal must occur immediately; it is not timely if it comes at the close of all the evidence (*Kent v. Hunt & Assoc.*[5]), at the close of the State's evidence (*Maddox*, supra, 227 Ga. App. at 604 (2)), or following the completion of the witness's testimony and that of a subsequent witness (*Dally v. State*[6]). See *Seritt v. State*.[7]

Because Kim's renewal of his motion for mistrial came after the close of all the evidence, any error in its denial was waived.[8] *Bell*, supra, 294 Ga. App. at 782 (5).

2. Kim contends that the trial court erred in denying his motion for new trial on this same ground. He claims that the accomplice's testimony constituted prosecutorial misconduct in that the prosecutor intentionally elicited the improper evidence despite his pretrial promise not to do so. Pretermitting whether Kim also waived this complaint by failing to timely renew his objection or motion for mistrial following the curative instruction (see *Allen v. State*[9]), we address the merits of Kim's argument.

"A charge of prosecutorial misconduct is a serious charge and is not to be lightly made; having raised it, appellant has the duty to prove it by the record and by legal authority." (Punctuation omitted.) *Brooks v. State*.[10] Specifically, Kim must point to "evidence that the prosecutor intentionally solicited [the improper] comment from the

---

[3] *Bell v. State*, 294 Ga. App. 779, 782 (5) (670 SE2d 476) (2008).

[4] *Maddox v. State*, 227 Ga. App. 602, 604 (2) (490 SE2d 174) (1997).

[5] *Kent v. Hunt & Assoc.*, 165 Ga. App. 169, 171-172 (8) (299 SE2d 123) (1983).

[6] *Dally v. State*, 237 Ga. App. 577, 579 (3) (516 SE2d 87) (1999).

[7] *Seritt v. State*, 237 Ga. App. 665, 666 (1) (a) (516 SE2d 366) (1999).

[8] We do note that *before* the trial court gave its curative instruction to disregard, Kim objected to the anticipated instruction, complaining that it would not change what the jury had heard. Such an observation, made prior to the actual curative instructions being given, does not "excuse[ ] defense counsel from renewing the motion for mistrial after the instructions in order to preserve the issue for appeal." *Anderson v. State*, 236 Ga. App. 679, 685 (7) (513 SE2d 235) (1999).

[9] *Allen v. State*, 277 Ga. 502, 503 (2) (591 SE2d 784) (2004).

[10] *Brooks v. State*, 285 Ga. 246, 251 (5) (674 SE2d 871) (2009).

YALE LAW LIBRARY

witness." *Glass v. State*.[11] See *Rosser v. State*.[12] Kim fails to carry this burden.

Kim points out that the prosecutor in a pretrial motion in limine hearing promised not to raise Kim's alleged membership in the gang. The prosecutor indeed kept his promise and asked no questions regarding the issue during his direct examination of the accomplice. However, during Kim's cross-examination, Kim got the accomplice to admit that *the accomplice* was a member of the Asian Crip gang. Following up on this line of inquiry during re-direct, the prosecutor asked, "[W]hen [defense counsel] asked you, you said you are a member of the Asian Crip gang?", to which the accomplice responded, "Yes, sir, and Tome Kim is too." The court sustained Kim's objection to this testimony but denied his motion for mistrial, finding that the accomplice's response to the question, "while responsive in part, carried over further and included more information than that solicited by [the prosecutor]." The court then twice instructed the jury to disregard the nonresponsive testimony regarding Kim's alleged connection with some group or organization.

Evidence supported the trial court's finding that the prosecutor did not solicit the comment by the accomplice and that therefore there was no prosecutorial misconduct. Moreover, "[a] nonresponsive answer that impacts negatively on a defendant's character does not improperly place the defendant's character in issue." *Hansley v. State*.[13] See *Washington v. State*.[14] Even if it did, "[t]he decision to give curative instructions to the jury rather than grant the mistrial request following the introduction of bad character evidence is within the discretion of the trial court and is not error." (Punctuation omitted.) *Johnson v. State*.[15] See *Dukes v. State*.[16] We discern no abuse of discretion here.

*Judgment affirmed. Adams and Doyle, JJ., concur.*

DECIDED JUNE 16, 2009.

*Sharon L. Hopkins*, for appellant.
*Daniel J. Porter, District Attorney, William C. Akins, Assistant*

---

[11] *Glass v. State*, 255 Ga. App. 390, 399 (9) (c) (565 SE2d 500) (2002).
[12] *Rosser v. State*, 284 Ga. 335, 337 (4) (a) (667 SE2d 62) (2008).
[13] *Hansley v. State*, 267 Ga. 48, 49 (3) (472 SE2d 305) (1996).
[14] *Washington v. State*, 295 Ga. App. 586, 588 (1) (672 SE2d 665) (2009).
[15] *Johnson v. State*, 261 Ga. App. 98, 100 (2) (581 SE2d 715) (2003).
[16] *Dukes v. State*, 273 Ga. 890, 893 (3) (b) (548 SE2d 328) (2001).