### A09A1716. HOOD v. THE STATE.
(690 SE2d 250)

DOYLE, Judge.

A Fulton County jury found Eugene Hood guilty of possession of cocaine with intent to distribute within 1,000 feet of a housing

project[1] and three counts of trafficking in cocaine.[2] In a single enumeration of error, Hood argues on appeal that the trial court erred by denying his motion for mistrial after the State impermissibly placed his character in evidence when a prosecution witness referred to Hood's prior release from federal prison. Finding no error, we affirm.

Viewed in favor of the verdict,[3] the evidence shows that Detective Michael Hannan received information from a confidential informant and other individuals that a person known as "Butch," who was later identified as Hood, was selling drugs. Hannan set up a series of controlled buys, wherein Hood sold a mixture of cocaine (in excess of 28 grams and with a purity of at least 10 percent) to the confidential informant on July 7, 2004, July 29, 2004, and August 10, 2004.[4]

At trial, the State asked Hannan how he ultimately determined that "Butch" was Hood, and Hannan replied that "[he] had received information that Butch had just recently got out of prison for a federal offense." Defense counsel objected, and the trial court sustained the objection. At the conclusion of Hannan's testimony, defense counsel moved for a mistrial. The trial court denied the motion, but offered to give a curative instruction. Defense counsel declined the offer, stating that, "We wouldn't want to bring any more attention to it than what the court has already done. We do not want further mention. . . ."

On appeal, Hood contends that his character was impermissibly placed in evidence, and therefore, the trial court erred by denying his motion for mistrial. Pretermitting whether Hood's motion for mistrial was timely,[5] he has otherwise waived this issue for purposes of appeal. Because "defense counsel declined the trial court's offer to give curative instructions to the jury, [Hood] will not now be heard to complain."[6] And in any event, an offer "to give curative instructions to the jury rather than grant the mistrial request following the

---

[1] OCGA § 16-13-32.5 (b).

[2] OCGA § 16-13-31 (a) (1).

[3] See *Davis v. State*, 275 Ga. App. 714, 715 (1) (621 SE2d 818) (2005).

[4] Hood was within 1,000 feet of a housing project when he possessed the cocaine on August 10, 2004.

[5] See *Keith v. State*, 279 Ga. App. 819, 824 (5) (632 SE2d 669) (2006) ("A motion for mistrial which is not made at the time the questions objected to are answered is not timely and will be considered as waived because of the delay in making it.") (punctuation omitted); *Turbeville v. State*, 268 Ga. App. 88, 91 (3) (601 SE2d 461) (2004).

[6] (Punctuation omitted.) *Pickren v. State*, 272 Ga. 421, 426 (9) (530 SE2d 464) (2000). See *Adams v. State*, 276 Ga. App. 319, 321 (2) (623 SE2d 525) (2005); *Traylor v. State*, 275 Ga. App. 20, 21 (619 SE2d 746) (2005) ("In light of the fact that defense counsel declined the trial court's offer to give a curative instruction to the jury, he cannot now complain of the trial court's decision to deny his motion for mistrial.").

introduction of bad character evidence is within the discretion of the trial court and is not error."[7]

*Judgment affirmed. Blackburn, P. J., and Adams, J., concur.*

DECIDED JANUARY 25, 2010.

*Eric J. Taylor*, for appellant.

*Paul L. Howard, Jr., District Attorney, Stephany J. Luttrell, Assistant District Attorney*, for appellee.

---

[7] (Punctuation omitted.) *Kim v. State*, 298 Ga. App. 402, 404 (2) (680 SE2d 469) (2009).