## A09A1971. COBB v. THE STATE.
(692 SE2d 65)

DOYLE, Judge.

Following a jury trial, Jodie Nichole Cobb appeals her conviction of aggravated assault,[1] contending that the trial court erred by (1) denying her motion for mistrial based on a statement by a witness alleging that Cobb used illegal drugs, (2) denying her motion in limine to exclude evidence of a handgun found when she was arrested, and (3) denying her motion in limine to exclude evidence of her prior drug conviction. For the reasons that follow, we affirm.

---

[1] OCGA § 16-5-21 (a) (2).

Construed in favor of the verdict,[2] the evidence shows that late one night Cobb went uninvited to the residence of her former boyfriend, Shane Andrews, and knocked on the door. After Cobb identified herself, Andrews opened the door, and Cobb's co-defendant (who was standing out of sight) produced a nine-millimeter handgun, pointing it at Andrews's chest. Andrews grabbed the weapon, and as he struggled to slam the door, the gun fired, injuring Andrews's hand.

Cobb and her co-defendant fled the scene as Andrews retreated back into his residence and told his mother to call the police. The police responded and took a statement from Andrews. Cobb and her co-defendant were located and arrested approximately 16 hours later, and they were charged with aggravated assault.[3] A jury found them guilty, and, following the denial of her motion for new trial, Cobb filed this appeal.

1. Cobb contends that the trial court committed reversible error when it denied her motion for mistrial made after a State witness referred to "track marks" in her arms "from using meth." We disagree.

> Whether to grant a mistrial based on improper character evidence is within the discretion of the trial judge. In reviewing the trial court's decision, an appellate court may consider the nature of the statement, the other evidence in the case, and the court's and counsel's actions in dealing with the impropriety.[4]

During its case-in-chief, the State conducted a direct examination of Andrews to establish the evening's events. The following colloquy ensued:

State: Had you called [Cobb] earlier in the day to come out there to see you?
Andrews: No, sir.
State: Had she called earlier in the day to your house?
Andrews: She had but I was avoiding her.
State: Why were you avoiding her?
Andrews: Because on a couple of occasions when we went out with each other I seen tracks on her arms.
State: Okay.

---

[2] See *Short v. State*, 234 Ga. App. 633, 634 (1) (507 SE2d 514) (1998).

[3] The co-defendant was charged with other crimes unrelated to this appeal.

[4] (Punctuation omitted.) *Gartrell v. State*, 291 Ga. App. 21, 23 (2) (660 SE2d 886) (2008).

Andrews: From using meth and I didn't want to —

Cobb objected and sought a mistrial on the ground that accusing her of drug use improperly placed her character at issue and was irrelevant to the aggravated assault alleged in the indictment. After a conference outside the presence of the jury and a brief recess, the trial court denied the motion but gave the jury a curative instruction directing them to disregard the testimony about any alleged drug use and stating that such testimony was improper and inadmissible. The trial court then polled the jurors to determine whether they understood and could abide by its instruction. All of the jurors indicated that they could.

"[T]he decision to give curative instructions to the jury rather than grant the mistrial request following the introduction of bad character evidence is within the discretion of the trial court and is not error."[5] In this case, the trial court's curative instructions thoroughly explained its ruling to the jury, and the court took the time to poll the jury to ensure compliance with its instructions. Further, the improper reference to drug use appeared to be inadvertent because the State explained that it expected Andrews to say that "they had a bad relationship, that he didn't want to be around her," instead of making a reference to drug use. This record supported a finding that the prosecutor did not intentionally solicit a comment about drug use.[6] Under these circumstances, the trial court did not abuse its discretion by deciding to give curative instructions to the jury rather than grant a mistrial.[7]

2. Cobb next contends that the trial court erred by denying her motion in limine seeking to exclude evidence of a .22 caliber Derringer found at the scene of her arrest. We disagree.

"Admission of evidence is a matter committed to the sound discretion of the trial court, and the trial court's evidentiary decisions will not be disturbed on appeal absent an abuse of discretion."[8]

The record shows that Cobb and her co-defendant were arrested in a motel room less than 24 hours after Andrews's assault. In the motel room, police found a glass pipe, a .22 caliber Derringer, and a nine-millimeter handgun matching Andrews's description of the gun

---

[5] (Punctuation omitted.) *Kim v. State*, 298 Ga. App. 402, 404 (2) (680 SE2d 469) (2009). See also *Dukes v. State*, 273 Ga. 890, 893 (3) (b) (548 SE2d 328) (2001); *Kohler v. State*, 300 Ga. App. 692, 697 (3) (686 SE2d 328) (2009).

[6] See *Kim*, 298 Ga. App. at 404 (2).

[7] See *Flowers v. State*, 252 Ga. 476, 479 (2) (314 SE2d 206) (1984) ("it is not reversible error to refuse to grant a mistrial if the alleged harmful testimony can be corrected by a proper instruction to the jury"); *Kohler*, 300 Ga. App. at 697 (2); *Boynton v. State*, 287 Ga. App. 778, 782 (5) (653 SE2d 110) (2007).

[8] (Punctuation omitted.) *Artis v. State*, 299 Ga. App. 287, 289 (1) (682 SE2d 375) (2009).

used in the assault and consistent with forensic evidence from the scene. In a pre-trial motion in limine, Cobb sought to exclude evidence of the .22 caliber Derringer and the glass pipe, arguing that both were irrelevant to the assault. The trial court excluded the glass pipe as irrelevant but ruled that the Derringer was admissible as part of the res gestae of the arrest.

> Generally, all the circumstances connected with a defendant's arrest are admissible as part of the res gestae. And relevant evidence will not be excluded merely because it incidentally shows the commission of another crime, puts the defendant's character at issue, or is prejudicial, where that evidence is admitted for the purpose of showing the circumstances of the arrest.[9]

Here, although the evidence showed that the Derringer was not used to shoot Andrews, the Derringer was loaded and found at the scene of Cobb's and her co-defendant's arrest (within sixteen hours of the assault) along with the nine-millimeter handgun matching the description of the one used on Andrews. Further, Cobb testified that her co-defendant had purchased the Derringer for her, which had relevance to the nature of her relationship with her co-defendant, who accompanied Cobb to Andrews's home and who principally carried out the assault on Andrews. Therefore, under these circumstances, the trial court was within its discretion to admit the Derringer found during Cobb's arrest.[10]

3. Cobb next contends that the trial court erred by denying her motion in limine to exclude evidence of a prior felony conviction that the State used for general impeachment purposes during Cobb's testimony. Because the trial court did not abuse its discretion in concluding that the probative value of admitting the evidence substantially outweighed its prejudicial effect, there was no error in admitting the conviction.

Under OCGA § 24-9-84.1 (a) (2), if a defendant testifies,

> [e]vidence that the defendant has been convicted of a crime shall be admitted if the crime was punishable by death or imprisonment of one year or more under the law under which the defendant was convicted if the court determines that the probative value of admitting the evidence substantially outweighs its prejudicial effect to the defendant.

---

[9] (Footnote omitted.) *Gober v. State*, 249 Ga. App. 168, 173-174 (6) (547 SE2d 656) (2001).
[10] See *Artis*, 299 Ga. App. at 289 (1); *Gober*, 249 Ga. App. at 173-174 (6).

"As always, the decision to admit or exclude evidence lies within the discretion of the trial judge, and this Court will not interfere with such discretion unless it has been abused."[11] "Factors to be considered include the kind of felony involved, the date of the conviction, and the importance of the witness's credibility."[12]

Here, Cobb objected to the use of her May 2007 conviction for possession of methamphetamine for general impeachment purposes during the April 2008 trial for aggravated assault. The trial court expressly found that the nature of the offense was not so similar that it would give rise to the improper inference that Cobb had the *propensity* to commit the aggravated assault at issue in the trial.[13] "[U]nless the prior conviction also is admitted as a prior similar transaction[, which was not the case here,] it is impermissible to use the prior conviction to establish the defendant as a bad person with a propensity for crime."[14] Instead, the prior conviction's probative value went to Cobb's credibility and the likelihood or not that someone convicted of a felony might disregard the duty to testify truthfully.[15] Indeed, the trial court instructed the jury that the prior felony conviction was to be considered only for impeachment purposes. Because Cobb testified and denied knowledge that her co-defendant had a gun, her credibility was highly relevant to the jury's decision. Therefore, under these facts, we discern no abuse of the trial court's discretion.[16]

*Judgment affirmed. Blackburn, P. J., and Adams, J., concur.*

DECIDED MARCH 12, 2010.

*Patricia F. Angeli*, for appellant.

---

[11] *Newsome v. State*, 289 Ga. App. 590, 594 (2) (657 SE2d 540) (2008).

[12] (Punctuation omitted.) *Abercrombie v. State*, 297 Ga. App. 522, 524 (1) (677 SE2d 719) (2009).

[13] See *Smith v. State*, 232 Ga. App. 290, 291 (1) (501 SE2d 523) (1998) (the character and conduct of parties "in other transactions are irrelevant matter unless the nature of the action involves such character and renders necessary or proper the investigation of such conduct. The primary aim of this rule is to avoid the forbidden inference of propensity. Just because a defendant has committed wrongful acts in the past is not alone legal grounds to believe he has done so on the occasion under scrutiny.") (citation and punctuation omitted).

[14] *Phillips v. State*, 285 Ga. 213, 220 (5) (b) (675 SE2d 1) (2009).

[15] See generally Paul S. Milich, Courtroom Handbook on Georgia Evidence 255 (2009):
The probative value of a prior conviction for its impeachment use is limited to the force of the inference that a person who has committed a serious crime in the past is less likely than the average citizen to respect the legal obligation to testify truthfully and is more likely to ignore the oath and succumb to any temptation to lie on the witness stand.

[16] See *Whitaker v. State*, 283 Ga. 521, 523 (2) (661 SE2d 557) (2008) (evidence of felonies different from those alleged at trial were admissible for impeachment).

*Tracy Graham-Lawson, District Attorney, Anece Baxter White, Assistant District Attorney*, for appellee.